**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter WOLAK, Jr.,
Defendant-Appellant.**

**No. 74–1977.**

United States Court of Appeals,
Sixth Circuit.

Feb. 7, 1975.

Walter Wolak pro se.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., J. Brian McCormick, Loren G. Keenan, Asst. U. S. Attys., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and McCREE and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court denying petitioner's motion to vacate sentence under 28 U.S.C. § 2255. The single issue presented for our consideration is whether the district judge erred when she failed to explain to defendant, when he indicated a lack of understanding, that a consequence of his guilty plea would be the mandatory imposition of a three year parole term in addition to any custodial sentence. We determine that there was error and reverse and remand with instructions to vacate the conviction and sentence to allow petitioner to plead anew.

On August 7, 1973, appellant Wolak pled guilty to the conspiracy count included in a six-count indictment charging him with violation of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq. The conspiracy count permits the imposition of a maximum period of imprisonment of 15 years or a $25,000 fine, or both, plus a statutorily mandated parole term of at least three years if any term of imprisonment is imposed. 21 U.S.C. §§ 841(b)(1)(A), 846.

Appellant contends that he did not understand the consequences of his plea and that it was therefore accepted in violation of the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 provides, in pertinent part, that the court "shall not accept [a plea of guilty] . . . without first . . . determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

In the examination of the defendant by the district judge before the plea was accepted, the following colloquy concerning the penalty attached to the offense took place:

Q Now, you understand this offense carries a penalty of up to five—15 years in jail plus a special parole

term of up to three years; do you understand that? That's the maximum penalty, first of all, this statute provides for; you understand that?

A   No, I don't understand that.

MR. VAN TIEM: That is the maximum.

Q   (By the Court, continuing): Just starting out, you know that the statute carries that penalty with it?

A   Yes, your Honor.

Q   Now, in this particular case, I think everything should be on the record and I think everything has been on record as far as any promises or agreements are concerned. Because of the unusual circumstances here, the Court has said that it will accept your plea upon the understanding that no custodial sentence will be imposed which is greater than five years; do you understand that?

A   Yes.

From an examination of the transcript, it appears that the defendant understood that his incarceration would not exceed five years. However, it does not appear that the defendant understood the mandatory nature and length of the parole term. Indeed, the only mention the district judge made of this aspect of the defendant's sentence was to indicate that there was a "special parole term of *up to* three years." (Emphasis supplied).

■   In Harris v. United States, 426 F.2d 99 (6th Cir. 1970), we held that a defendant does not plead guilty with knowledge of the consequences of his plea if he is unaware of his ineligibility

for parole. Although the emphasis in the case law has been upon the requirement that the judge inform the defendant of the maximum possible period of incarceration, this circuit and other jurisdictions have indicated that a defendant must be made aware of other direct consequences of his plea.[1]   In addition, the Supreme Court has indicated that in order for a plea to be voluntarily made, it must be made by "one fully aware of the direct consequences." Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1969).

■■   In this case, the district judge erred in two respects. First, she did not explain the mandatory nature of the parole term. (Instead, she indicated that there was a "special parole term" and did not elaborate when the defendant said he did not understand her.) Second, the district judge misstated the mandatory parole requirement, telling the defendant that he would be given "up to three years" parole when the statute requires *not less* than three years. It is our determination that, in order to comply with Rule 11, the district judge must inform a defendant of the minimum sentence, either custodial or parole where there is a mandatory minimum, and of any special limitations on parole or probation. *See* A.B.A. Standards, Pleas of Guilty § 1.4(c)(ii). Accordingly, the conviction is reversed with instructions to vacate the sentence and to permit petitioner to plead anew. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

Reversed.

---

1.   In Smith v. United States, 400 F.2d 860 (6th Cir. 1968), we held that Rule 11 required the court to advise the defendant of the statutorily required imposition of a sentence which would run consecutively to any unexpired sentences. *See* Guilty Plea—Warning of Consequences, 97 A.L.R.2d 549 (1964), Guilty Plea—Ineligibility for Parole, 8 A.L.R.Fed. 760 (1971).