Dexter FERGUSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 631, Docket 74–2569.

United States Court of Appeals,
Second Circuit.

Argued March 25, 1975.

Decided April 11, 1975.

Michael A. Young, New York City (William J. Gallagher, Legal Aid Society, New York City, on the brief), for appellant.

Richard W. Brewster, Asst. U. S. Atty., E. D. N. Y. (Paul B. Bergman, Paul F. Corcoran, and Ethan Levin-Epstein, Asst. U. S. Attys., on the brief), for appellee.

Before KAUFMAN, Chief Judge, MULLIGAN, Circuit Judge, and THOMSEN, Senior District Judge.*

IRVING R. KAUFMAN, Chief Judge:

This appeal from a denial without a hearing of a § 2255 motion requires us to focus our attention on April 2, 1973, when Dexter Ferguson pleaded guilty before Judge Travia to two counts of distributing marijuana in violation of 21 U.S.C. § 841(a)(1). Judge Travia was obliged by § 841(b)(1)(B) to impose upon Ferguson a term of special parole—a period of supervised release after expiration of the regular sentence, violation of the terms of which would result in Fer-

* Of the District of Maryland, sitting by designation.

guson's reconfinement for the entire length of the special parole term. 21 U.S.C. § 841(c). Thus the result of Ferguson's plea was a sentence of five years in prison and five years of special parole on one count, and a consecutive sentence of one year in prison and two years of special parole on the other. This otherwise prosaic chain of events has one unusual aspect: the record does not show that Judge Travia advised Ferguson that his plea would subject him to a special parole term in addition to the regular term of imprisonment.

In Michel v. United States, 507 F.2d 461 (2d Cir. 1974), we held that special parole was a "consequence" of a guilty plea of which Fed.R.Crim.P. 11 required the trial judge to inform a defendant. One not so advised must be given the opportunity to plead anew. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Irizarry v. United States, 508 F.2d 960 (2d Cir. 1974).

The Government has struggled energetically to avoid the application of these principles to this case, but its argument must fail. Its major contention is that because Ferguson pleaded before *Michel* was decided, the validity of his plea should be measured by the standards of voluntariness which prevailed before Rule 11's recently announced command, *see* Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); Bye v. United States, 435 F.2d 177, 182 (2d Cir. 1970), and that, for reasons we need not detail here, that standard was met.[1]

The Government's argument is not without superficial appeal, since the courts have declined in other instances to apply the commands of Rule 11 retroactively. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16

(1969), for example, the Supreme Court so held with regard to the ruling in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (failure to comply with Rule 11 requires vacating the guilty plea). And in Korenfeld v. United States, 451 F.2d 770 (2d Cir. 1971), this court refused retroactive application to Bye v. United States, 435 F.2d 177 (2d Cir. 1970) (defendant must be advised under Rule 11 whether the statute mandates ineligibility for parole).

■ The fatal defect in the Government's position is that *Michel* does not reach the threshold of novelty which must be crossed before one enters upon the now familiar tripartite retroactivity analysis.[2] For despite a line of recent cases beginning with Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), which have limited judicial pronouncements to prospective effect, the basic principle in the law remains that of retroactivity. *See* Robinson v. Neil, 409 U.S. 505, 507–08, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973). Retroactivity analysis is appropriate for cases departing radically from precedent, *see, e. g., Linkletter, supra,* 381 U.S. at 622–29, 85 S.Ct. 1731; Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); *Korenfeld, supra,* 451 F.2d at 773 (dependence on United States v. Caruso, 280 F.Supp. 371 (S.D.N.Y.1967), aff'd sub nom. United States v. Mauro, 399 F.2d 158 (2d Cir. 1968), cert. denied, 394 U.S. 904, 89 S.Ct. 1010, 22 L.Ed.2d 215 (1969)), or announcing new rules which conflict with well-established prior practice, see *Halliday, supra,* 394 U.S. at 832–33, 89 S.Ct. 1498; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) (retroactivity of *Miranda*). But it is irrelevant to that application of well-established principles to varying fact sit-

---

1. Judge Travia's opinion denying Ferguson's § 2255 motion was filed a month before *Michel* was decided, and examined Ferguson's claim under the voluntariness test. In view of our disposition, we express no view as to whether Ferguson's plea was properly characterized as voluntary.

2. This analysis requires consideration of three criteria:

    (1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice.

    Halliday v. United States, 394 U.S. 831, 832, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16 (1969).

uations which represents the bulk of judicial decision-making.

 It is readily apparent that *Michel* need not be limited to prospective application, for it merely stated what should long have been evident. My brother Mulligan stated it clearly and succinctly:

> Since special parole adds time to a regular sentence, it is within the *Bye* rationale [that an aspect of a sentence which "directly affects the length of time an accused will have to serve in prison" must be disclosed].

507 F.2d at 463. That single sentence, followed by a two-sentence quotation from *Bye,* represented the full discussion of the point. This was a clear indication that the court was hardly announcing a rule of such novelty that retroactivity analysis is called for.[3]

 Moreover, the holding in *Michel* should have been equally obvious from our decision in Jones v. United States, 440 F.2d 466 (2d Cir. 1971), that a defendant must be informed of the maximum sentence which he may receive. We perceive little difference between a robbery defendant, sentenced to a ten-year prison term, who may during the last five years be released on parole, and the narcotics defendant subject to five years' imprisonment and five years' special parole. In each instance, a prisoner whose behavior is proper will serve only five years, and one whose behavior is less than adequate will serve ten. It would be anomalous indeed, if Rule 11 required the robbery defendant to be advised of a ten-year term, while the narcotics defendant had to be told only of the five year term.

 The Government's remaining contention is that, as stated in the opinion denying the § 2255 motion, Judge Travia advised Ferguson of the special parole term, but the court reporter somehow failed to set it down. We recognize, of course, that a court reporter cannot be infallible; but the same must be said of a judge's memory, particularly when two years have passed since events hardly exceptional before a district judge. Where such a conflict exists, the ordinary course is to remand for a hearing which would test the credibilities and recollections of the participants. But here, such a procedure is foreclosed by *McCarthy,* which requires that compliance with Rule 11 be demonstrated *"in the record at the time the plea is entered."* 394 U.S. at 470, 89 S.Ct. at 1173 (emphasis in original). *See* Irizarry v. United States, 508 F.2d 960, 967–968 (2d Cir. 1974). The purpose of this requirement was to avoid the difficulties which attend fact-finding long after the sentencing colloquy, a policy we find equally applicable here. Accordingly, we hold that where the transcript or other record of the sentencing proceeding fails to disclose that the judge informed a defendant of the consequences of his plea, the defendant must be permitted to replead. We vacate Ferguson's plea and sentence, and remand so that he may be given the opportunity to replead to the indictment.

Reversed.

---

**3.** Other circuits have also viewed cases like *Bye* as virtually dispositive of whether special parole was a consequence under Rule 11. Roberts v. United States, 491 F.2d 1236 (3d Cir. 1974); United States v. Richardson, 483 F.2d 516, 518–19 (8th Cir. 1973).