**UNITED STATES of America, Appellee,**

v.

**Farris YAZBECK, Defendant-Appellant.**

**No. 75–1139.**

United States Court of Appeals, First Circuit.

Argued Oct. 6, 1975.

Decided Oct. 31, 1975.

Joseph F. Flynn, Boston, Mass., for defendant-appellant.

Robert L. Gammell, Asst. U. S. Atty., with whom Lincoln C. Almond, U. S. Atty., Providence, R. I., was on brief, for appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

On September 6, 1973, the defendant was indicted with another for intentionally distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At his arraignment on September 10, 1973, defendant pleaded not guilty, but on May 17, 1974, at a hearing at which he was represented by retained counsel, he changed his plea to guilty. He was sentenced to a term of five years in prison, with a special parole term of three years to follow completion of that sentence. On January 17, 1975, defendant moved to vacate his conviction and sentence on the ground that the judge who accepted his guilty plea failed to assure his understanding of the consequences of the plea in accordance with Rule 11 Fed. R.Crim.P. From the district court's denial of this motion defendant appeals.

At the May 17 change of plea hearing, the only mention of punishment came in the course of the Assistant United States Attorney's opening statement to the court. After describing the indictment, the prosecutor stated,

> "In this particular case, your Honor, the maximum punishment that could be afforded Mr. Yazbeck for this violation is as follows: Imprisonment of not more than 15 years; a fine of not more than $25,000, or both. Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment."

The prosecutor then briefly outlined the facts and added, "The Government in this case, your Honor, is recommending a jail sentence of five years."

Before accepting the plea, the court asked the defendant questions concerning his waiver of rights, his guilt, the absence of promises or inducements, his understanding of what he was doing, and his understanding that any prosecutorial recommendations were not binding. The court did not ask, however, whether the defendant understood his

possible punishment as outlined by the prosecutor, nor did it refer in any way to the prosecutor's statement.

■ Rule 11, as amended in 1966, directs the district courts not to accept a plea of guilty

"without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of . . . the consequences of the plea. . . ."

To satisfy the Rule, the record must show that the defendant was personally advised of the sentence provided by law and that he acknowledged in some sufficient way his understanding of it. *See McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Durant v. United States*, 410 F.2d 689 (1st Cir. 1969). This does not mean that a judge may never rely on the prosecutor or another to state in open court the relevant statutory provision or to conduct portions of the required inquiry. *See Limon-Gonzalez v. United States*, 499 F.2d 936, 938 n. 4 (5th Cir. 1974); *Davis v. United States*, 470 F.2d 1128, 1130–32 (3d Cir. 1972); *Kress v. United States*, 411 F.2d 16, 21 (8th Cir. 1969); *cf. Williams v. United States*, 500 F.2d 42, 43–44 (10th Cir. 1974). But especially if the information is transmitted by someone other than the judge himself, it is essential that the record leave no doubt that the defendant heard and understood what was said. *Davis v. United States, supra*, at 1130.[1]

■ Full inquiry under Rule 11 is particularly important in conjunction with a possible sentence having the unique complication of a special parole term that must attach to any sentence of imprisonment.[2] Like ineligibility for regular parole, see *Durant v. United States, supra*, at 691–92, a mandatory special parole term is a consequence of the plea within the meaning of the Rule. *United States v. Wolak*, 510 F.2d 164, 166 (6th Cir. 1975); *Michel v. United States*, 507 F.2d 461, 463 (2d Cir. 1974); *Roberts v. United States*, 491 F.2d 1236, 1238 (3d Cir. 1974); *United States v. Richardson*, 483 F.2d 516, 518 (8th Cir. 1973); see Project, Parole Release Decisionmaking and the Sentencing Process, 84 Yale L.J. 810, 880–81 (1975).

■ Here neither the court nor the prosecutor questioned the defendant as to his understanding of the penalty provided by 21 U.S.C. § 841, and the record fails to show any affirmative indication by the defendant that he knew that he could receive a prison sentence of up to fifteen years and that any term of imprisonment must be followed by a special parole term of at least three years.

While notwithstanding the defective procedure there may be grounds for speculating that the defendant understood the possible penalty, we are not disposed to find the error harmless. In the long run, as the Supreme Court observed in *McCarthy v. United States*,

"the more meticulously the Rule is adhered to, the more it tends to discour-

1. Our reading of Rule 11, as amended in 1966, is consonant with the terms of a 1975 amendment scheduled to become effective December 1, 1975:

"(c) Advice to Defendant.—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law . . . ."

Pub.L. No. 94–64, 89 Stat. 370 (1975).

2. The concept of mandatory special parole first appeared in the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91-513, 84 Stat. 1236 (1970), as an alternative to making drug offenders ineligible for parole. The special parole term begins to run after the regular sentence, including any regular parole, has been served. Revocation of special parole for violation of its conditions results in an additional prison term equal in length to the entire special parole term. *See* 21 U.S.C. § 841(c). *See generally Roberts v. United States*, 491 F.2d 1236, 1238 (3d Cir. 1974); *United States v. Richardson*, 483 F.2d 516, 518 (8th Cir. 1973). Thus the existence of a mandatory special parole term is no small matter.

age, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas."

394 U.S. at 465, 89 S.Ct. at 1170.

The judgment of the district court is accordingly reversed and the case remanded with directions to vacate the conviction and allow the defendant to plead anew to the indictment. *Id.* at 471–72, 89 S.Ct. 1166.

*So ordered.*