Joseph DEL VECCHIO,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 805, Docket 76–2165.

United States Court of Appeals,
Second Circuit.

Argued March 15, 1977.

Decided May 24, 1977.

Roy M. Cohn, New York City (Saxe, Bacon & Bolan, P. C.; Michael Rosen, Ronald F. Poepplein, New York City, of counsel), for petitioner-appellant.

Thomas M. Fortuin, Asst. U. S. Atty., New York City (Daniel R. Murdock, Chief Asst. U. S. Atty., S. D. N. Y., Frederick T. Davis, Asst. U. S. Atty., New York City, of counsel), for respondent-appellee.

Before FEINBERG and TIMBERS, Circuit Judges, and DAVIS, Associate Judge.*

FEINBERG, Circuit Judge:

This case is another of the many we have had that attack a conviction on a guilty plea because the district judge allegedly failed to follow the directions of Fed.R.Crim.P. 11. Joseph Del Vecchio appeals from the denial of his petition, under 28 U.S.C. § 2255, by the United States District Court for the Southern District of New York, Kevin T. Duffy, *J.* We hold that although the judge did not technically comply with certain provisions of Rule 11, the error does not require that the conviction be set aside on this collateral attack.

I

Del Vecchio was indicted in December 1973, along with Carmine Tramunti and 30 others, for various violations of the federal narcotics laws. The indictment named Del Vecchio in nine of the 30 counts; five of these charged violation of old narcotics laws, 21 U.S.C. §§ 173, 174, three with violation of the new narcotics laws, 21

* Of the United States Court of Claims, sitting by designation.

U.S.C. §§ 821, 841(a)(1) and 841(b)(1)(A), and one with conspiracy to violate the narcotics laws under 21 U.S.C. §§ 173, 174 and 846, which has been treated as a count under the new narcotics law. The following month, Del Vecchio pleaded guilty to the conspiracy count and six of the substantive counts, three under the old narcotics laws and three under the new. Trial proceeded against 18 of the remaining defendants, most of whom were found guilty. See *United States v. Tramunti*, 513 F.2d 1087, 1094 (2d Cir.), cert. denied, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975). When the guilty plea was taken, Judge Duffy advised Del Vecchio that he could be sentenced to 30 years on each count or, in effect, a total of 210 years.[1]

Two months after the trial ended, Judge Duffy sentenced Del Vecchio to 15 years imprisonment on the conspiracy count, with three years special parole to follow upon completion of his prison term, and concurrent sentences of five years on each of the substantive counts. Del Vecchio took no appeal. Almost two and one-half years later, Del Vecchio filed the section 2255 petition that is the subject of this appeal. He sought to withdraw his guilty plea because he had not been advised of "the minimum mandatory penalty" under the old narcotics laws or "the mandatory special parole for which he would be liable at the end of his sentence" under the new narcotics laws. Without a hearing and apparently without any answering papers from the Govern-

ment, Judge Duffy denied the petition in a two page memorandum opinion.

## II

When Del Vecchio pleaded guilty in January 1974, Rule 11 read in pertinent part as follows:

> The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. . . .
> The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

Construing this language, we have held that ineligibility for parole was a "consequence" of a guilty plea of which a defendant had to be advised, *Bye v. United States*, 435 F.2d 177, 179 (2d Cir. 1970), and we have indicated that a mandatory minimum sentence is similarly a "consequence" of a guilty plea.[2] Cf. *United States ex rel. Hill v. Ternullo*, 510 F.2d 844, 847 (2d Cir. 1975); *Serrano v. United States*, 442 F.2d 923, 925 (2d Cir. 1971). We have also held that the "special parole" involved here [3] "is comparable." See *Michel v. United States*, 507 F.2d 461, 463 (2d Cir. 1974); *Ferguson v. United States*, 513 F.2d 1011 (2d Cir. 1975). Since Judge Duffy concededly did not advise Del Vecchio as to these "consequences" of taking the guilty plea, we must consider the

---

1. This advice was slightly inaccurate. On the old law counts, Del Vecchio faced a maximum sentence of twenty years per count; on the new law counts, he faced a maximum of fifteen years per count. Since Del Vecchio was a second narcotics offender, the maximum for both old and new law counts could be doubled. Thus, the total maximum could have been 120 years without second offender status and 240 years with it. Del Vecchio was never formally charged as a second offender, and he has not been raised any claim based on this discrepancy in the judge's advice.

2. Appellant's § 2255 petition does not clearly complain of the failure to advise him of ineligibility for parole. Similarly, his main brief in this court does not distinguish between this "consequence" of a guilty plea and a minimum mandatory sentence, but instead argues that he

was not advised that he was "ineligible for immediate parole in that he was obliged to serve a minimum mandatory sentence." The minimum mandatory sentence—here, five years on the old law counts—is separate, however, from the general ineligibility for parole imposed by the prior law on narcotics offenders. In 1974, narcotics offenders sentenced under the old law were made eligible for parole. See note 10, infra, and *Gates v. United States*, 515 F.2d 73, 77–78 (7th Cir. 1975).

3. Special parole is "a period of supervised release after expiration of the regular sentence, violation of the terms of which would result in . . . reconfinement for the entire length of the special parole term." *Ferguson v. United States*, 513 F.2d 1011–12 (2d Cir. 1975).

effect of these violations of Criminal Rule 11.

The Rule has been a fertile breeding ground for litigation since it first became effective. In a series of cases, the meaning of "voluntarily" and "consequences" was expanded considerably,[4] a development that culminated in the 1975 revision of the Rule to spell out in great detail the nature of the inquiry a trial judge must make when taking a guilty plea.[5] The commendable policy behind these decisions and the revision of the Rule was to make sure that a defendant acted voluntarily and knowledgeably before taking the grave step of pleading guilty and waiving various constitutional rights. For this reason, we have only recently exhorted trial judges to insure strict compliance with the Rule by adopting a "set of instructions . . . as a means of insuring compliance with the rule." *United States v. Journet*, 544 F.2d 633, 635 (2d Cir. 1976). On the other hand, rigid enforcement of the Rule many years after the plea has been taken erodes the principle of finality in criminal cases and may allow an obviously guilty defendant to go free because it is impossible, as a practical matter, to retry him.[6] See *Blackledge v. Allison*, — U.S. —, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Henderson v. Kibbe*, — U.S. —, — n. 13, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). This is not a result that commends itself to many people, including judges. Accordingly, courts have been struggling—in the last few years particularly—to accommodate this clash of policies in applying the Rule. The Government suggests that a reasonable means of doing so is to limit the relief available in a collateral attack based on a Rule 11 violation.

There should be no doubt after *Journet*, supra, that on a direct criminal appeal there will be little room for minimizing the effect of a failure to comply with Rule 11. Our recent decision in *United States v. Michaelson*, 552 F.2d 472 (2d Cir. 1977), probably represents the limit of how far we should go in that direction on a direct appeal. The policies behind Rule 11 are important and should be strictly enforced. When a district judge has failed to do so, allowing a defendant to replead will not ordinarily directly clash with society's interest in enforcing the penal laws. Witnesses in most cases will still be available. The price of a short delay and some extra expense is a modest one to pay to correct the error of a government official (a district judge). But when a defendant takes no appeal and collaterally attacks the conviction years later, the different considerations we have already referred to come into play. The Government contends that therefore we should, and under *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), we can, hold that Del Vecchio has failed to

---

**4.** See 1 Wright, Federal Practice & Procedure, Criminal, §§ 172, 173 (1969 ed. & 1976 Supp.), and cases collected therein.

**5.** The revised rule, effective (with one exception) on December 1, 1975 and therefore not applicable here, now provides, in part:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

**6.** We are told that this is the case here, because the chief government witness at the trial is dead.

state a claim that can be raised under 28 U.S.C. § 2255. Alternatively, the Government argues that Del Vecchio's petition should be denied because he did not demonstrate any prejudice and because he did not appeal directly from his sentence.

### III

In *Davis v. United States,* supra, the Supreme Court held § 2255 relief available to vacate a conviction because of an intervening change in the Ninth Circuit's interpretation of the selective service laws. Of more significance for this case, the court added:

This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), for example, we held that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of criminal procedure in the absence of an indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was "a fundamental defect which inherently results in a complete miscarriage of justice," and whether "[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Id.,* at 428, 82 S.Ct. 468 (internal quotation marks omitted).

417 U.S. at 346, 94 S.Ct. at 2305. In *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), quoted in the language above, the court held that technical noncompliance with Fed.R.Crim.P. 32(a) was not a sufficient ground for collateral attack.

Citing these cases, the Government argues that the technical violations here of Rule 11 did not amount to any "miscarriage of justice," much less a "complete" one, and that there are no "exceptional circumstances" justifying use of the collateral writ.

Appellant rejoins that in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court established a stringent penalty for non-compliance with Rule 11, and it does not make any difference whether the defect is pointed out on direct appeal or by collateral attack. Appellant also points to decisions of this court in which we have considered Rule 11 claims on section 2255 petitions. *E. g., Ferguson v. United States,* supra; *Michel v. United States,* supra. In response, the Government correctly points out that the possible differences between collateral and direct review of a Rule 11 violation were evidently not briefed or argued in these cases or discussed in the opinions. Moreover, the cases are distinguishable on their facts: in *Michel,* the court's actual holding was that the defendant had been adequately informed of the special parole term; and in *Ferguson,* the sentence imposed exceeded the maximum sentence of which the defendant had been advised. See *Aviles v. United States,* 405 F.Supp. 1374, 1377 and n. 7 (S.D.N.Y.1975).

▪ The effect of raising a Rule 11 violation by collateral attack rather than on direct appeal is therefore an open question in this circuit, and in the recent case of *Kloner v. United States,* 535 F.2d 730, 734 (2d Cir. 1976), we specifically declined to reach the issue whether collateral relief under § 2255 is never available to remedy non-compliance with Rule 11. As we indicate below, we need not now answer this broad question.[7] For if a defendant can raise a Rule 11 violation by a § 2255 petition, the question still remains whether the rigid rule requiring reversal for noncompliance with Rule 11 applies for both direct and collateral review, or whether, on collateral attack, the court may allow for more play in the joints in assessing the effects of a Rule 11 violation. Without in any way detracting from the force of *United States v. McCarthy,* supra, or *United States v. Journet,* supra, on direct appeal, we believe

---

7. The recent decision of the Supreme Court in *Blackledge v. Allison,* supra, which was decided after briefs and oral argument in this case, would seem contrary to such a broad per se rule.

that, for the reasons already given above, there must be flexibility in the collateral review of a Rule 11 claim. The circuits that have addressed this issue since *United States v. Davis,* supra, have reached the same conclusion, and the standard for such review has been variously phrased in terms of whether there was "manifest injustice," see *United States v. Watson,* 548 F.2d 1058 (D.C.Cir.1977) (reviewing a Rule 11 claim under Rule 32(d)); or a " 'fundamental defect which inherently results in a complete miscarriage of justice,' " see *Bachner v. United States,* 517 F.2d 589, 592–93 (7th Cir. 1975); *McRae v. United States,* 540 F.2d 943, 945 (8th Cir. 1976); *United States v. Hamilton,* 553 F.2d 63 at 65 (10th Cir. 1977) (all quoting *Davis v. United States,* supra, 417 U.S. at 346, 94 S.Ct. 2298); or error "somewhat less serious than constitutional error, and somewhat more serious than ordinary reversible error," see *Bachner,* supra, 517 F.2d at 598 (Stevens, J., concurring); see also *Aviles v. United States,* supra, at 1379–81 (S.D.N.Y.1975); *Poerio v. United States,* 405 F.Supp. 1258, 1262–63 (E.D.N.Y.1975).[8] Whatever the differences among these standards, they share the requirement that a defendant must at least show prejudice affecting the fairness of the proceedings or the voluntariness of the plea in order to succeed in a collateral attack based upon a Rule 11 violation. See the thorough opinion of Judge Palmieri in *Aviles v. United States,* supra;[9] cf. also *Blackledge v. Allison,* supra (state habeas); *Kelleher v. Henderson,* 531 F.2d 78, 81–82 (2d Cir. 1976) (same).

## IV

■ Turning now to the facts of the case before us, Del Vecchio complains, first, of the judge's failure to advise him that he would have to serve a special parole term of three years after completing his prison sentence on the new law counts. Del Vecchio had recently been convicted of a separate narcotics offense, and was represented in this case by a very experienced attorney. Perhaps this is why appellant nowhere states in his § 2255 petition that he was unaware of the possibility of special parole or that he would have acted any differently had he received the advice from the judge. More important, the sentence imposed on Del Vecchio—15 years imprisonment and three years special parole—was substantially less than the total of 210 years he was advised was the possible maximum sentence. Appellant relies on our decisions in *Ferguson v. United States,* supra, and *Michel v. United States,* supra. We have already indicated that these cases do not control here, and we are aware of no case in this circuit in which a guilty plea has been vacated on collateral attack for failure to advise of a special parole term where the prison sentence, combined with the special parole term, was less than the possible maximum of which defendant had been advised. See *Aviles v. United States,* supra, 405 F.Supp. at 1383; see also *Timmreck v. United States,* 423 F.Supp. 537 (E.D.Mich.1976); *Bell v. United States,* 521 F.2d 713 (4th Cir.), cert. denied, 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1975). In sum, under the circumstances here, the judge's oversight cannot reasonably be said to have prejudiced Del Vecchio. See *United States v. Kattou,* 548 F.2d 760 (8th Cir. 1977); *McRae,* supra; *Bachner,* supra.

We turn now to the effect of the judge's failure to advise Del Vecchio of the minimum mandatory sentence and ineligibility for parole under the old law counts. The latter omission was concededly error, and we will assume that the former was, too. But were they, in the context of this § 2255

---

**8.** Although four circuits apparently reached contrary conclusions, see *Bunker v. Wise,* 550 F.2d 1155 (9th Cir. 1977); *United States v. Yazbeck,* 524 F.2d 641 (1st Cir. 1975); *United States v. Wolak,* 510 F.2d 164, 166 (6th Cir. 1975); *Roberts v. United States,* 491 F.2d 1236 (3d Cir. 1974), none of these cases discussed the standard to be applied on collateral review,

and *Roberts* was decided before *Davis v. United States,* supra.

**9.** This decision was affirmed in open court, 538 F.2d 307 (2d Cir.), an action which under our local Rule has no precedential value, and certiorari was denied. 425 U.S. 961, 96 S.Ct. 1744, 48 L.Ed.2d 206 (1976).

petition, harmless? On the old law counts, Del Vecchio was sentenced to five years, but on the new law counts he received a 15-year sentence for conspiracy as well as three concurrent five-year sentences. Shortly after Del Vecchio pleaded guilty and well before he had served one-third of his longest sentence on the new law counts, Congress amended the narcotics law to make parole available to persons sentenced under the old narcotics laws.[10] Compare *Gates v. United States,* 515 F.2d 73, 80 (7th Cir. 1975). However, because of the 15-year sentence on the new law conspiracy count, Del Vecchio will not be eligible for parole until completion of one-third of his sentence—five years—the same minimum mandatory term he received on the old law counts. In terms of the prison time he must serve or eligibility for parole, therefore, Del Vecchio was not prejudiced.

■ We realize that appellant argues that the error must be viewed as of the time he took his plea on the old law counts, not later. Cf. *Bye v. United States,* supra, 435 F.2d at 180.[11] But when Del Vecchio pleaded guilty at the same time to four counts under the new law, he knew that he might receive a maximum sentence on each of 30 years, conceivably consecutive, with parole available only at the end of one-third of that sentence. Since Del Vecchio was willing to take that risk, it is not immediately apparent that the inevitability of a five-year sentence on the old law counts would have affected his decision to plead guilty. To this must be added Del Vec-

chio's failure to allege that he was ignorant of the minimum mandatory sentence requirement or that it would have made any difference to him; his failure to submit affidavits from his then attorney in support of his claim, see *Aviles v. United States,* supra, 405 F.Supp. at 1376; cf. *Grant v. United States,* 451 F.2d 931 (2d Cir. 1971); *United States v. Welton,* 439 F.2d 824 (2d Cir. 1971); his failure to appeal after the sentence; and his delay of nearly two and one-half years before asserting his present claims. And finally, there is the timing of the guilty plea itself, which was taken one week prior to trial, in a case where the evidence subsequently showed that Del Vecchio played a major part in the dilution and distribution of almost one hundred half-kilogram packages of heroin. See *United States v. Tramunti,* supra, 513 F.2d at 1096. Under these circumstances, the failure of the court to instruct defendant on the mandatory minimum sentence was harmless error.

■ The failure to advise Del Vecchio of his ineligibility for parole is, at least in the abstract, more troublesome, since that "consequence" of the plea effectively triples the possible sentence defendant faces. See *Bye v. United States,* supra, 443 F.2d at 180; *Moody v. United States,* 469 F.2d 705 (8th Cir. 1972), and cases cited therein at 707 n. 5. However, it is not at all clear that Del Vecchio's § 2255 petition claimed error from the failure to inform him of his parole ineligibility. The petition seems to be directed to the judge's failure to give advice

---

10. Pub.L. No. 93–481, 88 Stat. 1455, effective October 26, 1974. Del Vecchio pleaded on January 14, 1974 and was sentenced on May 20, 1974. When he filed this § 2255 petition, he had finished serving a three-year sentence imposed for another prior narcotics conviction.

11. In this regard, Justice (then Judge) Stevens has argued that there is a distinction between Rule 11 attacks grounded on a claim of an involuntary plea and those based on a claim of fundamental unfairness in the proceedings.

On the issue of voluntariness, it is, of course, inappropriate to take into account subsequent events, such as the actual sentence imposed; necessarily the plea is either voluntary or involuntary at the time defendant makes his choice. On the other hand, if

the fairness of the entire procedure is at issue, in my judgment the inquiry should not be limited so narrowly.

*Bachner v. United States,* supra, 517 F.2d at 598 (Stevens, *J.,* concurring). As indicated above, subsequent events have undercut any claim by Del Vecchio of "fundamental unfairness" on these facts. And there is no indication from the circumstances existing at the time of the plea or from Del Vecchio's arguments on this § 2255 petition that the voluntariness of his plea was affected by the minimum mandatory sentence and ineligibility for parole under the old law counts. See discussion, infra.

as to the special parole term and the mandatory minimum provision. See note 2, supra. In any event, the same factors discussed above apply to this claim, particularly the failure to submit affidavits from petitioner and his then attorney, swearing that petitioner was unaware and uninformed of the parole ineligibility provision and would have acted differently if he had known of it. Under these circumstances, Judge Duffy did not commit reversible error in denying Del Vecchio's § 2255 petition without a hearing.

The order of the district court is affirmed.