UNITED STATES of America

v.

Jeffrey GUY.

Crim. No. 77–86.

United States District Court, E. D. Pennsylvania.

Feb. 23, 1978.

J. Douglas McCullough, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas H. A. Gallagher, Philadelphia, Pa., for defendant.

MEMORANDUM

CAHN, District Judge.

## I. INTRODUCTION

Defendant Jeffrey Guy has moved to vacate his guilty plea. He contends that his plea was not "knowing and voluntary" because at the time he entered the plea I failed to explain to him the meaning of special parole. He further contends that had he understood the meaning of special parole, he would not have pleaded guilty. I find that defendant's position has merit, and accordingly will grant his motion.

## II. FACTS

Defendant pleaded guilty to one count of conspiracy to distribute heroin on May 24, 1977.[1] On June 28, 1977, I sentenced defendant to three years imprisonment, to be followed by three years of special parole pursuant to 21 U.S.C. § 841(b).[2] On Octo-

---

1. The maximum penalty for this crime is fifteen years imprisonment and a $25,000 fine with an indefinite period of special parole to follow the confinement. 21 U.S.C. § 841(b).

2. 21 U.S.C. § 841(b) provides in pertinent part:

   Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of [such] a prior conviction, impose a special parole term of at least three years in addition to such term of imprisonment. . .

ber 3, 1977, defendant moved *pro se* to vacate his guilty plea. I appointed counsel on October 21, 1977, offered defendant and the government an opportunity to present evidence at a hearing on December 29, 1977, and heard oral argument on the same day.[3]

At the guilty plea proceeding pursuant to Fed.R.Crim.P. 11, I attempted to determine that defendant's plea was knowing and voluntary. I advised defendant of the potential sentence he faced in the following manner:

> The maximum penalty to which I could sentence you is 15 years in prison and $25,000 fine plus a three year special parole term. . . .
>
> That's the maximum. The minimum sentence would be a probationary period without any fine. So you can see that the sentence here 'can range from a slap on the wrist to 15 years in jail.

Notes of Testimony, at 6.

Defendant contends that my allusion to special parole was inadequate in three respects: first, that I failed to explain that the potential term of special parole was a minimum of three years, with an indefinite maximum; second, that I failed to state the imposition of special parole was mandatory, if I sentenced defendant to any term of imprisonment; and third, that I did not explain that if defendant violated his special parole, he could be reincarcerated for the full term of the parole, rather than for the period of parole remaining at the time of the violation.[4] Defendant has filed a sworn affidavit stating that he did not understand the meaning of special parole at the time he pleaded guilty. The affidavit further states that defendant is not guilty of the charge to which he pleaded and that he would not have pleaded guilty had he understood the full consequences of his plea. The government has not contested these facts, contending instead that defendant is entitled to no relief as a matter of law.

### III. *PRELIMINARY STATEMENT*

The failure of district courts to inform criminal defendants of the existence of a minimum mandatory special parole term has brought about much litigation. Through June, 1975, most courts which considered the question at issue here established a *per se* rule; where a defendant was not properly advised of the meaning of special parole, he was entitled to plead anew. *See, e. g., Ferguson v. United States,* 513 F.2d 1011 (2d Cir. 1975); *United States v. Wolak,* 510 F.2d 164 (6th Cir. 1975); *Roberts v. United States,* 491 F.2d 1236 (3d Cir. 1974); *United States v. Richardson,* 483 F.2d 516 (8th Cir. 1973). *Cf. contra, Bell v. United States,* 521 F.2d 713 (4th Cir. 1975), *cert. denied,* 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1976); *Gore v. United States,* No. 75–1447 (4th Cir. September 12, 1975).

On June 10, 1975, the Supreme Court decided *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1975). By way of dicta,[5] the Court stated:

---

**3.** Defendant was one of several defendants allegedly involved in a large scale narcotics operation. He pleaded guilty pursuant to a plea bargain, under which the government dismissed one substantive count of the indictment and refrained from making any sentencing recommendation on the conspiracy count.

Three co-defendants also pleaded guilty. Seven others stood trial. Three were acquitted of all charges and the others were convicted on one or two counts on August 1, 1977. On February 23, 1978—well after defendant Guy moved to vacate his plea—I directed an acquittal of one of the four convicted co-defendants and granted the other three new trials. *United States v. Harrington,* —— F.Supp. ——, Cr. No. 77–86 (E.D.Pa. Feb. 23, 1978).

**4.** I do not believe that my failure to explain this third aspect of special parole would, standing alone, be sufficient grounds for vacation of defendant's plea. Since Rule 11 specifically requires explanation of the minimum and maximum terms of a sentence, however, the first two aspects are more significant. *See, e. g., Bunker v. Wise,* 550 F.2d 1155 (9th Cir. 1977); *Ferguson v. United States,* 513 F.2d 1011 (2d Cir. 1975); *Michel v. United States,* 507 F.2d 461 (2d Cir. 1974).

**5.** In *Davis* the court upheld a collateral attack to a guilty plea based on an intervening change in a circuit's interpretation of the draft laws. Because of the great factual difference between *Davis* and the case at bar, the direct holding of *Davis* is clearly inapplicable.

This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), for example, we held that 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements' of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'

Several courts of appeals have determined that this language undermines the vitality of the *per se* rule in the special parole situation. As a result, these courts have required a showing that "manifest injustice" has occurred, that the Rule 11 proceeding under attack constituted an "inherent miscarriage of justice", or that a defendant was "substantially prejudiced" before a guilty plea will be vacated pursuant to 28 U.S.C. § 2255 or Fed.R.Crim.P. 32(d). *See, e. g., Del Vecchio v. United States,* 556 F.2d 106 (2d Cir. 1977); *United States v. Hamilton,* 553 F.2d 63 (10th Cir. 1977) (appeal pending); *United States v. Watson,* 179 U.S.App.D.C. 103, 548 F.2d 1058 (1977); *McRae v. United States,* 540 F.2d 943 (8th Cir. 1976), *cert. denied* 429 U.S. 1045, 97 S.Ct. 750, 50 L.Ed.2d 759 (1977); *Bachner v. United States,* 517 F.2d 589 (7th Cir. 1975). *See also, Timmreck v. United States,* 423 F.Supp. 537 (E.D.Mich.1976) (appeal pending). Several other courts, however, have decided the special parole issue subsequent to *Davis* and have maintained the *per se* rule. These courts have apparently held, without discussion, that the distinguishable facts of *Davis* render the case inapplicable. *See, e. g., Bunker v. Wise,* 550 F.2d 1155 (9th Cir. 1977); *United States v. Cunningham,* 529 F.2d 884 (6th Cir. 1976) (dicta);

*United States v. Yazbeck,* 524 F.2d 641 (1st Cir. 1975). *Cf. United States v. Watson, supra* 179 U.S.App.D.C. at 108, 548 F.2d at 1063 (*Davis* not applicable to Fed.R.Crim.P. 32(d) motion).

Thus, in confronting the issues raised in this motion, I am faced with a substantial split of authority. Although there is room for dispute, I believe that prior to *Davis, Roberts v. United States, supra,* would have disposed of the motion favorably to the defendant. See § IV(B), *infra.* In this opinion, I shall examine the more recent cases in order to determine whether the *Roberts* rule should be kept alive or, if not, what rule should take its place.

## IV.   *DISCUSSION*

A.   The Motion to Vacate.

█   Fed.R.Crim.P. 11 provides in pertinent part:

(c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) . . . the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; . . .

(d) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty or nolo contendere without first . . . determining that the plea is voluntary

. . . . .

Defendant has challenged the validity of his plea by motion under 28 U.S.C. § 2255, contending that my incomplete explanation of special parole renders the plea "subject to collateral attack". *See, e. g., Bunker v. Wise,* 550 F.2d 1155 (9th Cir. 1977); *United States v. Wolak,* 510 F.2d 164 (6th Cir. 1975).

Fed.R.Crim.P. 32(d) provides a specific procedure for challenging guilty pleas after a sentence has been imposed:

. . . to correct manifest injustice the court after sentence may set aside the

judgment of conviction and permit the defendant to withdraw his plea.

If a guilty plea can be challenged under 28 U.S.C. § 2255, I doubt that the standard for determining its validity differs from the manifest injustice standard of the criminal rule. *United States v. Hamilton,* 553 F.2d 63, 67 (10th Cir. 1977) (appeal pending); *United States v. Harris,* 534 F.2d 141 (9th Cir. 1976). *Cf. Del Vecchio v. United States,* 556 F.2d 106, 111 (2d Cir. 1977). However, in view of the specific remedy provided in Rule 32(d), I believe that Congress intended claims such as the one in the case at bar to be adjudicated within that rule's framework. Accordingly, I shall deem defendant's motion as one brought pursuant to Rule 32(d). *United States v. Watson,* 179 U.S.App.D.C. 103, 548 F.2d 1058 (1977). *Cf. Meyer v. United States,* 424 F.2d 1181 (8th Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 92, 27 L.Ed.2d 91 (1970).[6]

**B. The Requirements of Rule 11.**

█ In *Roberts,* the sentencing court made no mention whatsoever of special parole at the Rule 11 proceeding. *See also, United States v. Harris,* 534 F.2d 141 (9th Cir. 1976); *Ferguson v. United States,* 513 F.2d 1011 (2d Cir. 1975). The Court of Appeals for the Third Circuit held that this error alone entitled the defendant to withdraw his plea. Unlike the district judge in

*Roberts,* I mentioned special parole, but failed to explain it. I did not state that (1) there was a minimum term;[7] (2) the minimum term was mandatory; or (3) no jail-time credit would be given for undergoing a successful period of special parole before a violation. The government asserts that my allusion to special parole should have put the defendant on notice, and thus no violation of Rule 11 occurred. I disagree.

In Rule 11 proceedings, my colleagues on the district bench and I try our best to put criminal defendants at ease. Nevertheless, an appearance in court may intimidate and frighten a defendant. Therefore, in accepting a guilty plea a judge has the obligation to be explicit in explaining important matters such as the length and nature of a defendant's possible sentence. Fed.R. Crim.P. 11(c)(1). *See also Berry v. United States,* 412 F.2d 189 (3d Cir. 1969). The defendant must be fully informed in clear and simple language about the potential punishment he may receive at sentencing. The language of the rule as well as cases from several circuits establish that special parole is a direct consequence of a plea which must be explained and that an incomplete explanation of special parole constitutes error. *See, e. g., United States v. Yazbeck,* 524 F.2d 641 (1st Cir. 1975); *Unit-*

---

6. Several courts of appeals have marked a distinction in the standard of review to be applied to guilty plea challenges brought by a direct appeal from sentencing and those brought by collateral attack under § 2255 or Rule 32(d). *See, e. g., Del Vecchio v. United States, supra,* at 110; *Kloner v. United States,* 535 F.2d 730, 734 (2d Cir. 1976), *cert. denied,* 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1977); *Bachner v. United States,* 517 F.2d 589, 596–7 (7th Cir. 1975). In the context of this case, the distinction makes little sense. If a less stringent standard for testing the voluntariness of guilty pleas existed for direct appellate review, defendants would be encouraged to file appeals without ever presenting the claims to the district judge; the prescribed mechanism by which the challenge to a plea can be raised in the district court is by motion under Rule 32(d). Since it is not necessarily true that a collateral attack in this situation will be filed after the appeals period has expired, there is no reason to apply a stricter standard of review to the collateral claim.

Furthermore, since the essence of a defendant's claim in these circumstances is that he failed to understand some piece of information, it would be nonsensical to expect the defendant to recognize the need to appeal before he learns of the error. As a practical matter, this recognition will come about only after the defendant has commenced his incarceration at an assigned federal correctional institution and has either obtained administrative records which reveal the "unknown" information or has talked to other federal inmates in a similar position. This will usually occur well after the thirty day appeals period has expired. While I do not hold that delay by a defendant in asserting his claim is irrelevant, *see* § IV(C) *infra,* I note that the defendant in the instant case filed his motion to vacate in a prompt manner.

7. Indeed, one possible interpretation of my statement would oe that I erroneously implied that there was a *maximum* special parole term of three years.

ed States v. Wolak, 510 F.2d 164 (6th Cir. 1975); Michel v. United States, 507 F.2d 461 (2d Cir. 1974); United States v. Richardson, 483 F.2d 516 (8th Cir. 1973). While my allusion to special parole might be relevant to the issue of whether defendant suffered prejudice, it cannot suffice to eliminate all taint from the proceedings in this case.[8]

C. The Remedy for the Violation.

Having concluded that a violation of Rule 11 took place I turn now to the question of what relief, if any, is available to the defendant. I do not believe that Davis controls this issue.[9] The same reasons for which I treat defendant's motion as one pursuant to Rule 32(d) illustrate that the reasoning behind Davis is inapplicable to the Rule 32(d) situation. See § IV(A), supra.

The Davis court was concerned with the growing number of post-conviction habeas corpus petitions which threaten to deluge our courts. Cf. Francis v. Henderson, 425 U.S. 536, 538–9, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). The critical "prejudice" language of the case was intended specifically to deter defendants from raising issues after conviction which could have been raised on appeal. See also, Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Defendant's motion to vacate his plea does not belong to the class of cases which

Davis sought to limit. The claim is one which could as a practical matter be raised only collaterally, after a guilty plea. Furthermore, it does not threaten to overwhelm our control of judicial administration; indeed, the mere existence and careful application of Rule 11 severely limit the circumstances under which a guilty plea can be attacked. While the Court of Appeals for the Third Circuit has construed Rule 11 broadly to require a full inquiry by district judges, see, e. g., Brown v. United States, 565 F.2d 862 (3d Cir. 1977); Houmis v. United States, 558 F.2d 182 (3d Cir. 1977); United States v. Hawthorne, 532 F.2d 318 (3d Cir. 1975), cert. denied, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1977); Paradiso v. United States, 482 F.2d 409 (3d Cir. 1973), it has done so for the very purpose of restricting the claims which can be raised following the inquiry.[10] See, e. g., United States v. Adams, 555 F.2d 353 (3d Cir. 1977) (appeal pending); United States v. Corbitt, 541 F.2d 146, 149 n. 5 (3d Cir. 1976); United States v. Hawthorne, supra, Paradiso v. United States, supra. A strict rule foreclosing relief for defendants even where Rule 11 has been violated would unduly restrict the ability of the courts of appeals to control judicial noncompliance with Rule 11 or innocent errors in its application.[11] Thus, I believe that the courts which have applied the language of Davis strictly to the situation in the instant case are in error.

8. In Williams v. United States, No. 74–2387 (E.D.Pa. Nov. 13, 1974), the court approved a Magistrate's Report and Recommendation which summarily ruled that Roberts does not apply where some allusion to special parole is made at the Rule 11 proceeding. I do not believe that ruling comports with the letter or the spirit of Rule 11. See United States v. Yazbeck, supra; United States v. Wolak, supra.

9. As discussed above, all the courts which have considered Davis have determined that the case precludes a per se withdrawal rule. The courts rendering post-Davis decisions which have maintained the per se rule have not discussed Davis, and thus I am unable to determine whether they considered its effect.

10. Complete Rule 11 proceedings serve to bind defendants to their guilty pleas by removing the possibility of subsequent collateral challenges to the plea. See Del Vecchio v. United

States, 556 F.2d 106 (2d Cir. 1977); Kloner v. United States, 535 F.2d 730 (2d Cir. 1976), cert. denied 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1977). See also, Note, Rule 11 and Collateral Attack on Guilty Pleas, 86 Yale L.J. 1395 (1977). I believe that the quid pro quo for this "lock-in" effect must be that inadequate Rule 11 proceedings will not be taken lightly. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Brown v. United States, 565 F.2d 862 (3d Cir. 1977).

11. See, e. g., McCarthy v. United States, 394 U.S. 459, 463, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969), in which the Supreme Court held:

[D]efendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11.

Nevertheless, *Davis* and the decisions applying it broadly are indicative of a trend towards limiting relief available to criminal defendants where no prejudice has accrued to them. *See, e. g., United States v. Hamilton,* 553 F.2d 63, 66 (10th Cir. 1977). *Cf. Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). This trend reflects judicial realization that unless *per se* rules such as the one adopted by *Roberts* give way, the manifest injustice standard of Rule 32(d) will be rendered meaningless. I believe that if *Roberts* were presented to the Court of Appeals for the Third Circuit today, the court would amend the *per se* rule in light of *Davis* and its progeny, and require district courts to inquire whether "manifest injustice" has occurred. Fed.R. Crim.P. 32(d).

The determination of manifest injustice involves scrutiny of the defendant's state of mind at the time he pleaded guilty. *United States v. Kattou,* 548 F.2d 760, 761–2 (8th Cir. 1977); *Bachner v. United States,* 517 F.2d 589, 592 (7th Cir. 1975).[12] To make out a *prima facie* case of manifest injustice in the circumstances of this case, defendant must establish—using affidavit or other sworn testimony—that (1) a violation of Rule 11 has occurred; (2) defendant did not learn the information that was not imparted at the Rule 11 proceedings from independent sources prior to the time of pleading; and (3) knowledge of the information would have affected defendant's plea. Once a defendant establishes this *prima facie* case, I believe that he is entitled to withdraw his plea unless the government can rebut his evidence.[13]

The post-*Davis* cases disclose several factors upon which the government may rely in rebutting a defendant's *prima facie* case. The most important of these is the length of time between sentencing and the filing of the motion to vacate. When a long period has elapsed, the court may be able to infer that the defendant intentionally delayed filing his claim until the government could no longer reprosecute him. In such a case, the interests of justice do not require the court to vacate the plea. In all of the post-*Davis* cases which have rejected the *per se* rule, the defendant waited at least one year to file his claim. *See, e. g., Del Vecchio v. United States,* 556 F.2d 106 (2d Cir. 1977) (2–3 years); *United States v. Hamilton, supra,* (3 years); *United States v. Kattou, supra,* (2 years); *United States v. Ortiz,* 545 F.2d 1122 (8th Cir. 1976) (2 years); *McRae v. United States,* 540 F.2d 943 (8th Cir. 1976), *cert. denied,* 429 U.S. 1045, 97 S.Ct. 750, 50 L.Ed.2d 759 (1977) (1 year); *Bachner v. United States, supra,* (2 years); *Timmreck v. United States,* 423 F.Supp. 537 (E.D.Mich.1976) (2 years) (appeal pending).[14] In the instant case, defendant filed his motion approximately three months after sentencing.

The second important factor—and the only factor which the government has asserted here—is whether defendant's sentence (including the special parole term) is less than the possible maximum sentence. This factor bears circumstantially on the

---

**12.** Contrary to the assertions of the government, that the government may have been prejudiced by defendant's motion is irrelevant to Rule 11 because that factor has no bearing on the "voluntariness" of the plea. *See Bachner v. United States, supra* at 598 (Stevens, J., concurring); *Del Vecchio v. United States, supra,* at 109. Furthermore, the extent of prejudice to the government should not be determinative of a motion to vacate because the government's failure to alert a sentencing court to its error is at least in part the cause of the motion. However, the fact that the government cannot reprosecute a defendant because of his delay in filing the motion may be circumstantial evidence of the reasons for which the motion was filed.

**13.** Although I hold that the *per se* rule of *Roberts* is no longer in force, in view of the strong judicial and legislative mandate that Rule 11 be strictly obeyed, defendant is entitled to a presumption that a substantial violation of Rule 11 has injured him. See § IV(B), *supra.*

**14.** *Bell v. United States,* 521 F.2d 713 (4th Cir. 1975), *cert.* denied 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1976), does not disclose the length of defendant's delay in filing. But *Bell* is in any event not controlling precedent in this court because it is based on the pre-*Davis* rule of the fourth circuit, which explicitly refused to follow the reasoning of the Court of Appeals for the Third Circuit in *Roberts.*

issue of whether a full explanation of special parole would have affected defendant's plea.[15]

On the one hand, that defendant pleaded guilty although he faced a prison term of nine years longer than his actual sentence (including special parole) is strong evidence that he would have pleaded guilty even if I had not erred in the Rule 11 proceeding. On the other hand, that defendant wishes to withdraw his plea and face the possibility of an increased sentence despite the fact that I imposed a relatively short term of incarceration illustrates that the special parole term is significant to him. Absent evidence of some ulterior motive for defendant's motion to vacate, I am inclined to believe that defendant's claim is the result of my failure to inform him about special parole.

The cases enumerate several additional factors, all of which relate to whether the defendant knew of the special parole term from independent sources and whether defendant was concerned about the possibility of serving a special parole term. The first factor is whether defendant actively participated in plea bargaining between his attorney and the prosecutor. *See, e. g., United States v. Kattou, supra; McRae v. United States, supra.* A second is whether there is independent evidence that defendant understood the meaning of special parole, as in *McRae v. United States, supra,* where defendant was sentenced to special parole for a second time. *See also, Del Vecchio v. United States, supra.* Third, the courts have considered whether there is independent evidence that defendant did not care about the possible special parole term. *See, e. g., United States v. Kattou, supra, McRae v. United States, supra. Cf. Bachner v. United States, supra.*[16] The government has not asserted the existence of these factors nor introduced evidence supporting their application in this case.

■ Applying all of the factors to the case at bar, I find that defendant's motion to vacate must be granted. Defendant has established a *prima facie* case by demonstrating that I erred at the Rule 11 proceeding and filing an affidavit emphasizing the significance of my error. The affidavit states that defendant did not understand the meaning of special parole at the time he pleaded guilty and that "full information" would have changed his plea. The government has not directly contested these facts and has failed to rebut defendant's claim by disproving that "manifest injustice" has occurred. In light of defendant's prompt assertion of his claim and the lenience of my sentence, the government's singular reference to the maximum sentence defendant faced is insufficient to convince me defendant was not prejudiced by the incomplete Rule 11 proceeding. I therefore believe that defendant is entitled to plead anew.

## V. CONCLUSION

In sum, I have concluded that my failure to explain the meaning of special parole to the defendant constituted a violation of Fed.R.Crim.P. 11. I have treated defendant's motion to vacate his plea as a motion pursuant to Fed.R.Crim.P. 32(d), and have

---

**15.** Several courts have held that this is the only relevant factor; that is, if a defendant's sentence is less than the maximum, the plea cannot be vacated. *See, e. g., United States v. Hamilton, supra; Timmreck v. United States, supra.* In view of the realities of our plea bargaining system, this attitude is far too rigid. First, since the issue before me concerns the defendant's knowledge and voluntariness *at the time of the plea,* I cannot dispose of the issue merely by referring to the one *post-plea* factor of the length of defendant's ultimate sentence. Secondly, criminal defendants who plead guilty will rarely, if ever, expect to receive the maximum sentence; it would make little sense for them not to take their chances of succeeding at

trial if the opposite were true. *See Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 609 (1978). Thus, the severity of the defendant's sentence by itself cannot be deemed conclusive evidence that defendant's plea was knowing and voluntary.

**16.** The court in *Bachner v. United States, supra,* relied on the fact that the district court had rectified its error by reducing defendant's prison sentence by three years and imposing only a three year special parole term. Since I am unwilling to modify defendant's sentence so as to eliminate the three year term of confinement, this "factor" is not relevant here.

held that Rule 32(d) should be the exclusive vehicle for challenging the validity of a guilty plea under Rule 11. While I have rejected the government's contention that *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1975), is controlling, I have accepted the government's view that the full holding of *Roberts v. United States,* 491 F.2d 1236 (3d Cir. 1974), is no longer valid precedent. However, I have concluded that a defendant who presents a *prima facie* case that Rule 11 has been violated and that he has been injured by the violation benefits from a presumption that "manifest injustice" has occurred for purposes of Rule 32(d).

In the instant case, defendant has presented a *prima facie* case, and the government has failed to rebut it. Accordingly, the motion to vacate defendant's guilty plea must be granted.