**UNITED STATES of America**

v.

**Edward F. DIXON et al., Appellant.**

**No. 74–1236.**

United States Court of Appeals, Third Circuit.

Argued Aug. 8, 1974.

Decided Oct. 3, 1974.

Certiorari Denied March 3, 1975. See 95 S.Ct. 1353.

---

Robert D. Peloquin, Peloquin, McKeon and Reilly, Washington, D.C., Paul D. Sulman, Philadelphia, Pa., Richard C. Fox, Markowitz, Kagen & Griffith, York, Pa., Robert M. Taylor, Philadelphia, Pa., for appellant.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, Charles E. Brookhart, Attys., Tax Div., Dept. of Justice, for appellee; Robert E. J. Curran, U.S. Atty., of counsel.

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is an appeal from the judgment of the district court entered against the defendant, Edward F. Dixon, on February 19, 1974, and from an order of that court, entered on February 21, 1974, refusing to vacate the defendant's sentence or to specifically enforce a plea bargain. The defendant was convicted of attempted evasion of corporate income taxes for the fiscal year ended September 30, 1969, in violation of Section 7206(1) of the Internal Revenue Code of 1954, 26 U.S.C. § 7206(1) (1967).

Both before and after the defendant's indictment on September 26, 1973, negotiations had occurred between the defendant's counsel and the government prosecutor as to a possible disposition of the case. At his arraignment on November 5, 1973, the defendant entered a plea of *nolo contendere* to the seventh count of an eight count indictment. At that time, the district court made the proper inquiry of the defendant under Rule 11 of the Federal Rules of Criminal Procedure, ascertaining that the plea

had been made voluntarily and that the defendant understood the nature of the charges against him and the consequences of his plea.

The court also noted that plea bargaining had occurred between the defendant's counsel and the government prosecutor, stated that the court would not be bound by any plea bargaining agreement arrived at by the parties, and asked that any such agreement be made part of the record of the case.

No such agreement was ever entered on the record either at the arraignment or thereafter. However, pursuant to the district judge's request, the government submitted a letter dated November 7, 1973, and the defendant's counsel submitted a letter dated November 12, 1973, to the court. Each letter outlined the respective parties' understanding of the plea bargain. Taken together they demonstrated that a complete misunderstanding existed with respect to the role that the government prosecutor would assume in the sentencing proceedings. According to the defendant's version, the prosecutor was to affirmatively recommend "No jail time." According to the government's version, the prosecutor was merely to stand mute when asked, by the district judge, for his recommendations.

The defendant maintains that he did not receive the government's letter until November 23, 1973, and therefore was not informed of this disagreement over a term of the proposed plea bargain until after he had performed his part of what he understood to be the bargain by appearing before and disclosing documents to a grand jury, and by submitting to interrogation by the Internal Revenue Service.

On January 4, 1974, the defendant was sentenced.[1] Because of the continuing controversy over the alleged plea bargain, the district judge conducted a hearing on January 29, 1974, to determine whether the government prosecutor had promised to recommend that the defendant not be imprisoned. In the course of this proceeding, the court offered to allow the defendant to withdraw his plea of *nolo contendere* and have his case tried before a different judge. The defendant indicated that he would not accept this offer but would instead seek specific performance of the alleged plea bargain.

On February 21, 1974, the district court entered an order denying the defendant's motion to vacate his sentence and for specific performance of the alleged plea bargain. In a memorandum opinion dated March 11, 1974, the court explained this order by stating its conclusions, based on the evidentiary hearing, that the defendant had entered his plea of *nolo contendere* in the sincere belief that the government would recommend that no prison sentence would be imposed, but that specific performance was not possible since a completed plea bargain had never been effectuated.

In the first analysis, it should be noted that the misunderstanding which arose out of the attempt to arrive at a plea bargain in the instant case is exactly the kind of problem which this Court anticipated and attempted to prevent in Paradiso v. United States, 482 F.2d 409 (3rd Cir. 1973). There we were faced with the appellant's contention that his guilty plea had been induced by the expectation that he would be given concurrent sentences. We noted that other jurisdictions had attempted to insure that such misunderstandings would not often occur by requiring plea bargains or any inducements to a plea to be made a matter of record. We stated:

We believe that it is appropriate at this time for the district courts of this circuit to take similar prophylactic measures to cope with this problem. In connection with their rule 11 inquiry on a plea of guilty, district

---

1. The defendant was originally sentenced on January 4, 1974, to one year imprisonment and a $10,000 fine. On February 19, 1974, the court vacated this sentence and imposed a new sentence of nine months imprisonment and a $10,000 fine.

judges should in essence inform the defendant that plea bargaining is specifically approved by the court and that he may truthfully inform the court of any plea negotiations 'without the slightest fear of incurring disapproval of the court.' Inquiry should also be made of counsel for the parties as to any plea negotiations. Should inquiry reveal the presence of plea negotiations, counsel for the parties should be required to state plainly the terms of record and the defendant should state of record whether he understands them and concurs. The court, of course, is not obligated to accept any recommendation or bargain reached by the parties, and it should so inform the defendant when any bargain is disclosed. Compliance with this procedure should avoid ostensible claims by defendants of unfairness in the guilty plea process and minimize the escalating number of cases complaining of aborted plea bargains, involuntary pleas, or frustrated plea expectations. *Id.* at 413.

We reaffirm our statement in Paradiso. *See also* United States v. Simon Hawthorne, 502 F.2d 1183 (3rd Cir., 1974). Had the district court in the instant case complied with the procedure outlined in Paradiso, in short, had the court required that the alleged plea bargain between the parties be recited on the record at the arraignment on November 5, 1973, the present controversy would have been avoided. Under our supervisory powers we therefore instruct the district courts of this circuit that they are henceforth required to follow the Paradiso procedure, committing any plea bargain to the record at the time of arraignment in conjunction with the Rule 11 inquiry.

■ The fact that the alleged plea bargain was not placed on the record in the instant case is in no way determinative of the issue involved in this appeal. With respect to the defendant's request for specific performance of the alleged plea bargain with the government, we are bound by the lower court's determination, set forth in its memorandum opinion of March 11, 1974, that no agreement was ever reached between the parties, since this determination is adequately supported by the evidence. We therefore affirm the district court's refusal to specifically enforce the alleged plea bargain.

■ Nevertheless, we deem it appropriate under the facts of this case to instruct the lower court to grant the defendant leave to withdraw his plea of *nolo contendere* and stand trial, if he so desires. We say this because at the time he was given this choice in the district court he was confronted with the possibility that he would lose the right to obtain appellate review of the district court's determination that there was no plea bargaining agreement reached between the parties, and because at that time he was given no assurance that the information revealed by him to the Internal Revenue Service and the grand jury in performance of what he sincerely thought to be his obligation under a plea bargaining agreement would not be used against him in a trial on the merits.

We are not unmindful of the defendant's allegation that the information which he disclosed is potentially incriminating and that he ordinarily would have been able to withhold it because of his Fifth Amendment right against self incrimination. We therefore instruct the lower court to issue, upon motion of the defendant, an appropriate order excluding from consideration by the jury all such information disclosed voluntarily by the defendant, and any additional evidence, derived from such information, for which the government cannot establish an independent source.

The judgment of the district court will be affirmed subject to the right of the defendant, on prompt application to the district court, to have his plea and sentence vacated.