Mark **HOUMIS**, Appellant,

v.

**UNITED STATES of America, Appellee.**

**No. 76–1333.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 3, 1977.

Decided July 5, 1977.

---

Blair A. Griffith, U. S. Atty., W. D. Pa., Pittsburgh, Pa., David M. Curry, First Asst. U. S. Atty., Edward J. Schwabenland, Asst. U. S. Atty., for appellee.

Mark Houmis, pro se.

Submitted Under Third Circuit Rule 12(6) May 3, 1977

Before GIBBONS and HUNTER, Circuit Judges, and LAYTON, Senior District Judge. *

LAYTON, Senior District Judge:

This is an appeal from the denial by the United States District Court for the Western District of Pennsylvania of a petition to vacate a sentence.

On September 26, 1973, Mark Houmis pled not guilty to a seven-count indictment charging counterfeiting in violation of 18 U.S.C. §§ 371, 471–72.

On December 4, 1973, Houmis decided to change his plea to guilty on Count II of the indictment and a hearing was held pursuant to Rule 11, F.R.Cr.P. Sentencing was postponed until January 11, 1974, at which time Houmis was sentenced to a term of 8 years, 5 years of which were to run concurrently with a 5 year sentence which he was then serving on another charge.

After several unsuccessful efforts to obtain relief from this sentence, on January 3, 1975, Houmis petitioned for relief under 28 U.S.C. § 2255. A second hearing was held in May 1975. On December 30, 1975, the court denied relief and Houmis has appealed.

The principal grounds for appeal are (1) that the sentence was inconsistent with a plea bargain made between Houmis and the United States Attorney prior to the Rule 11 hearing; and (2) that Houmis was denied the effective assistance of counsel at the hearing because his attorney was then representing two other defendants in the same case under circumstances indicating that he was acting under a conflict of interest.

Because both the record and the district court's opinion reflect substantial confusion regarding whether the defendant understood the agreement, and thus leave doubt whether any "meeting of the minds" ever resulted from plea negotiations, we cannot reach the first issue, and need not reach the second. Instead we are remanding with instructions that the defendant be given an opportunity to withdraw his plea.

At the plea hearing, Houmis took the position that he agreed to plead guilty on two conditions: (1) that Barbara Ross and Sandy Antosz, two other joint defendants in the same case, be relieved from prosecution and (2) that he would receive no more than a 5 year sentence to run concurrently with another sentence that he was then serving. The pertinent portions of the record of the plea hearing follow:

Sheinman: (defense counsel) "What he (defendant) meant was, your Honor, that Sandra Antosz and Barbara Ross should have the complaints dismissed against them because he felt that they didn't do anything wrong . . . and if the United States Attorney's office would go along with a sentence *that he (defendant) would have not in excess of what he was doing,*[1] *concurrent with his time.* . .

I assume that is true, isn't it?"
(Emphasis supplied.)

---

* Honorable Caleb R. Layton, III, Senior United States District Judge for the District of Delaware, sitting by designation.

1. It is possible that the inarticulate expression "sentence that he would have" might connote to a layman that this sentence had already been cleared in advance by the court. This is particularly so where the United States Attorney agreed.

Curry: (United States Attorney) *"That is correct,* your Honor." [2] (Emphasis supplied.)

Later, during the hearing, Sheinman goes on to say:

"And I approached Mr. Curry the other day, I said that Mr. Houmis wanted to do this (plead guilty) and whether Mr. Curry would state to the court that he wouldn't have any objection to the court imposing a sentence . . . not in excess of what he is doing, to go concurrent with what he is under."

Curry: "That is substantially correct, your Honor . . . I have stated to him that the Government's position is, that the establishment—the determination of an appropriate penalty is purely within the discretion of the court." [3]

However, to demonstrate that the defendant did not clearly understand the effect of this warning, we point to the colloquy which followed later in the hearing:

Houmis: "Am I pleading voluntarily?"

The Court: "Yes."

Houmis: "Yes, because of—"

The Court, not allowing him to finish: "And have any threats been made to you?"

Houmis: "Threats?—No (continuing)—*this promise that I wouldn't get any extra time exceeding my sentence, that is why I am pleading guilty."* [4] (Emphasis supplied.)

At this point, Curry interposed:

"Your Honor, I think the record must clearly indicate that the Government has made no such promise, no promise of any type, as to what the penalty of this court might be. I think Mr. Houmis may have the wrong impression, that we have agreed that he will not be sentenced to any time in addition to that which he is serving. As I indicated, the Government has no control over that; that is purely within the discretion of the court."

The Court: "I understand that, but I understood you to say a few minutes ago that you have no objection to such a sentence."

To which Curry replied: "That is exactly right. . . . But I don't want that to be construed to imply to Mr. Houmis that if he is given a sentence of confinement it will be precisely that which he is presently serving. That is not my understanding and I think it would be error for him to construe that unless the court represents that to him (defendant) itself."

The Court: "That's what's been represented to you, Mr. Houmis?"

Houmis: "It was represented to me that I wouldn't—"

At this critical juncture, Houmis is prevented from an answer by an interruption on the part of Sheinman:

"Let me see if I can explain this to him."

The Court: "I think we are playing with words here."

Sheinman: "Yes, I think we are, your Honor. And I think maybe, if you call upon him, he might say things and might not get it out just as, perhaps, as maybe as fluently as his counsel, or he might get it out more. I told him that I was going to ask the Government, if I made this statement to the Court, the Court would do it, would they not have any objections, and he said he would not. *We do understand, and I think Mark understands, that the final decision is still with the Court.* Is that about fair, Mark?" (Emphasis supplied.)

Houmis: "Yes." [5]

A plausible argument can be made that Houmis understood that, despite the recommendation of the United States Attorney, the court was free to impose whatever penalty it saw fit. This is what Curry stated with reasonable clarity at least twice. But

2. Transcript, December 5, 1973, p. 7.

3. *Id.* at 8, 9.

4. *Id.* at 13.

5. *Id.* at 13–15.

it is equally apparent that Houmis may not have understood the effect of Curry's statement—that, like most laymen, he regarded the promise not to object as though tantamount to an agreement on a 5 year concurrent sentence. Thus, he answered, "[t]his promise that I wouldn't get any extra time exceeding my sentence that is why I am pleading guilty." And at the most critical point in the proceeding where Houmis is again about to explain his understanding of the agreement—"It was represented to me that I wouldn't—," the court allowed Houmis to be interrupted by his counsel, "[l]et me see if I can explain this to him."

The district court's opinion contains similarly contradictory conclusions regarding the defendant's understanding of the plea agreement. At one point the court noted, "[t]he record shows that the defendant *did* apparently think that he would receive no greater a period of imprisonment than that already imposed by Judge Rosenberg."[6] (Emphasis supplied.) Yet the court later found "that the petitioner at all times was aware that the final disposition of this matter was for the court."[7] These conclusions might properly be read as consistent were the record to show that Houmis, after displaying a firm understanding of the court's role in sentencing, felt that in all probability, the court would, in fact, impose a sentence both concurrent and coterminous with that already being served. However, the record supports no such proposition.

*Paradiso v. United States,* 482 F.2d 409 (3d Cir. 1973) is a case with somewhat similar facts. There we took the occasion to say:

> We believe that it is appropriate at this time for the district courts of the circuit to take similar prophylactic measures to cope with this problem. In connection with their rule 11 inquiry on a plea of guilty, district judges should in essence inform the defendant that plea bargaining is specifically approved by the court and that he may truthfully inform the court of any plea negotiations 'without the slightest fear of incurring disapproval of the court.' Inquiry should also be made of counsel for the parties as to any plea negotiations. Should the inquiry reveal the presence of plea negotiations, *counsel for the parties should be required to state plainly the terms of record and the defendant should state of record whether he understands them and concurs.* The court, of course, is not obligated to accept any recommendation or bargain reached by the parties, and *it should so inform the defendant when any bargain is disclosed.* Compliance with this procedure should avoid ostensible claims by defendants of unfairness in the guilty plea process and minimize the escalating number of cases complaining of aborted plea bargains, involuntary pleas, or frustrated plea expectations. (Emphasis supplied.)

*Id.* at 413. *See also United States v. Dixon,* 504 F.2d 69 (3d Cir. 1974).

We think the district court should not have permitted Sheinman to interrupt his client at the critical point where, for the second time, he was about to state his understanding of the plea bargain. At that point, as *Paradiso* plainly indicates, the court should have taken over the questioning, extracted from counsel the exact terms of the agreement, stated them to Houmis, asked if he understood, and at the same time warned him that he, the judge, was not bound by the terms of the agreement regarding the sentence but could impose any sentence that, in his judgment, the facts justified. He should also have advised Houmis that if his understanding of the agreement differed from that represented by Curry, he was free to withdraw his guilty plea and go to trial. In failing to so advise Houmis, the district court clearly ignored the plain commands of *Paradiso.* As the result of the court permitting the interruption by Sheinman of his client at this critical stage of the questioning, we can

---

6. *Houmis v. United States,* C.A. No. 75–13, Memo.Opinion, p. 9 (W.D.Pa. December 30, 1975).

7. *Id.*

now never know exactly what was in Houmis' mind regarding the terms of the agreement. We concede that both counsel at one time or another agreed that the offer of the United States was not to object if the court decided to impose a 5 year concurrent sentence. But of the highest importance is the question whether Houmis himself understood and concurred in this interpretation. Clearly, at one point he did not. We suspect, but for the interruption, he would have reiterated his belief that he would receive only a 5 year concurrent sentence. Despite the fact that at one point Houmis apparently agreed with Sheinman that he was pleading guilty only in the hope, not on the promise, of receiving a concurrent 5 year sentence, we feel that there is sufficient confusion in the record on this point to require that the judgment of the lower court be reversed and the matter remanded with instructions to vacate the defendant's sentence and allow him the opportunity to withdraw his plea.

Because of the remand, consideration of the other issues raised on this appeal becomes unnecessary.

GIBBONS, Circuit Judge, concurring.

I join in Judge Layton's opinion. I also note, however, that at the time the court accepted Houmis' guilty plea the district court was made aware that a single attorney was representing three defendants, and apparently continued this representation after Houmis expressed the desire to enter into plea bargaining negotiations; negotiations which would result in his guilty plea in consideration for lenient treatment of those co-defendants. This placed the defense attorney in the position of patently conflicting loyalties. The conflict is apparent on the record of the Rule 11 proceeding. No advice was given to Houmis by the court, the prosecutor, or his own attorney respecting the existence of a conflict in his attorney's joint representation. I do not see how a guilty plea accepted in such circumstances can be permitted to stand. *See Matter of Grand Jury Impaneled January 21, 1975,* 536 F.2d 1009 (3d Cir. 1976); *Unit-*ed States ex rel. Horta v. DeYoung, 523 F.2d 877 (3d Cir. 1975); *United States ex rel. Hart v. Davenport,* 478 F.2d 203 (3d Cir. 1973); *United States v. Garafola,* 428 F.Supp. 620 (D.C.N.J.1977).