Sherwood E. **ROBERTS**, Appellant,

v.

**UNITED STATES** of America.

No. 73–1810.

United States Court of Appeals, Third Circuit.

Submitted on briefs Dec. 19, 1973.

Decided Jan. 28, 1974.

Sherwood Roberts, pro se.

Herbert J. Stern, U. S. Atty., John J. Barry, Newark, N. J., Richard S. Zackin, Asst. U. S. Atty., for appellee.

Before VAN DUSEN, ALDISERT and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In Berry v. United States, 412 F.2d 189, 192 (3d Cir. 1969), we held that because the "mandate of . . . [F.R.Crim.P.] 11, before and after the 1966 amendment, is designed to insure that the pleader is made aware of the outer limits of punishment," knowledge of ineligibility for parole was necessary to an understanding of a plea of guilty. In United States v. Jasper, 481 F.2d 976 (3d Cir. 1973), and Kelsey v. United States, 484 F.2d 1198 (3d Cir. 1973), we extended the *Berry* rule to vitiate a plea of guilty under circumstances where the pleader was erroneously told he could be exposed to a maximum sentence in excess of that provided by law. The question presented in this appeal is whether the rule should be applied to the circumstances where appellant was not informed before the court accepted his plea that a mandatory Special Parole Term would attach to any sentence imposing a term of imprisonment. We hold that it does, and do not agree with the district court's conclusion that exposure to provisions of the new Special Parole Term "are not consequences of a guilty plea within the meaning of Rule 11. . . ."

On October 27, 1970, Congress passed the "Comprehensive Drug Abuse Prevention and Control Act of 1970," 21 U. S.C. § 801 et seq., effective May 1, 1971, giving comprehensive coverage in all drug offenses, repealing older narcotics laws, and introducing a Special Parole Term for certain offenses. Included among those offenses is 21 U.S.C. § 841(a)(1), distribution of heroin, the offense to which appellant pleaded guilty on January 3, 1972. He was subsequently sentenced to a seven-year prison term. In addition, as required by 21 U. S.C. § 841(b), he was sentenced to three years Special Parole to take effect upon

**1238**

completion of the imprisonment and parole consequences of the seven-year term.

 In denying appellant's petition for relief under 28 U.S.C. § 2255, the district court stated: "There is no requirement to advise a defendant, before accepting a plea of guilty, that he will come up for parole in a certain amount of time, or that if he is paroled, and violates that parole, he may again be incarcerated. . . ." Subject to unusual circumstances, as exemplified in *Berry*, this would serve as a fairly accurate statement of appropriate law applicable to parole as it is commonly and ordinarily understood. So understood, parole means a conditional release from incarceration under supervision at a time prior to the expiration of the full term set by the sentencing court.

But the Special Parole Term is a new concept. By statute it "shall be in addition to, and not in lieu of, any other parole provided for by law." 21 U.S.C. § 841(c). It is designed to take effect upon the expiration of the period of parole supervision following mandatory release, or at the full term date following parole, or upon release from confinement following sentence expiration.

As described by Norman A. Carlson, Director, The Bureau of Prisons: "For certain offenses the new law specifies that a Special Parole Term (SPT) to be used in addition to and not in lieu of normal sentencing and parole procedures. This is a new concept, and must be considered in conjunction with the sentence procedure used by the court."

Mr. Carlson explains:

The SPT is separate from and begins *after* the usual sentence terminates, including any period of supervision. In the event an individual should violate during the period of supervision prior to the beginning of the SPT, he will be returned as a violator of the basic period of supervision with the SPT still to follow unaffected. When an individual is released from confinement by any of the following methods, the SPT will begin as indicated:

(1) Mandatory release—SPT begins at the termination of supervision.

(2) Parole—SPT begins at full term date.

(3) Sentence expiration (Exp—GT [expiration with extra good time], Exp—FT [expiration with full time] and Min—Exp [minimum expiration]). SPT begins with release from confinement.[1]

Thus it can be readily seen that SPT significantly differs from ordinary concepts of parole. SPT imposes restrictions upon freedom in excess of the full term of sentence and the possibility of additional imprisonment for SPT violation. *See*, 21 U.S.C. § 841(c).

In *Berry* we said: "When one enters a plea of guilty he should be told what is the worst to expect. At the plea he is entitled to no less—at sentence he should expect no more." 412 F.2d at 192. Here, when appellant was not advised that he was subject to conditions of additional parole, he was not "told what . . . [was] the worst to expect." The failure to impart this information constituted a failure to explain to appellant the consequences of his plea.

The judgment of the district court will be reversed and the proceedings remanded with directions to vacate the judgment of conviction and sentence, to vacate the plea of guilty, and to afford appellant an opportunity to plead anew to the indictment.

---

1. Polley statement, Bureau of Prisons, 7500.43, January 18, 1973.