Earl BROWN, Appellant,

v.

UNITED STATES of America.

No. 76–2336.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Oct. 18, 1977.

Decided Nov. 22, 1977.

Earl Brown pro se.

Blair A. Griffith, U. S. Atty., Craig R. McKay, Asst. U. S. Atty., Edward J. Schwabenland, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ADAMS and GARTH, Circuit Judges, and LAYTON, District Judge.*

OPINION OF THE COURT

PER CURIAM:

Petitioner Earl Brown appeals from an order of the district court, issued without an evidentiary hearing, denying a motion to vacate his sentence. Because the record fails to show conclusively that the petitioner is not entitled to relief, we reverse and remand for a further proceeding.[1]

On December 20, 1974, Brown pleaded guilty to bank robbery and received a fifteen year sentence. Two weeks later he pleaded guilty to three new robbery charges, and was sentenced to three concurrent fifteen year terms that were to be served consecutively with the December 20th sentence.

Taken in its entirety, Brown's *pro se* petition charges (a) that the second guilty plea was induced by a plea bargain struck between petitioner and his attorney, on the one hand, and the government, on the other; and (b) that under the terms of the alleged agreement all sentences were to be served concurrently. Without any hearing, the district court adopted the finding by the magistrate that the record at the plea hear-

---

* United States District Judge for the District of Delaware, sitting by designation.

1. 28 U.S.C. § 2255 mandates an evidentiary hearing unless the record "conclusively" shows that petitioner is "entitled to no relief."

ing conclusively demonstrated the absence of plea negotiations.[2] This finding was erroneous under the standards promulgated by this Court in *United States v. Hawthorne*, 502 F.2d 1183 (3d Cir. 1974).

In *Hawthorne*, we stated that the record established by a Rule 11 inquiry at a plea reception proceeding may obviate the necessity of a hearing if it discloses that:

(1) the defendant states that no promise, representation, agreement or understanding was made or that none other than that disclosed in open court was made to him by any person prior to the entry of the plea, and (2) the defendant affirmatively states that no out-of-court promise, representation, agreement or understanding required the defendant to respond untruthfully or contrary to the terms thereof in the in-court plea reception proceedings, and (3) that the defendant understands that he may not at a later time contend that any promise, representation, agreement or understanding was made by any person other than that set forth in open court.

(502 F.2d at 1187–88).

*Hawthorne* also urged the district courts to inform defendants that plea bargaining is an approved procedure which may be revealed without fear of disapproval,[3] and

recommended that trial judges question counsel for the defense and the prosecution, in the defendant's presence, about the existence of plea negotiations (502 F.2d at 1187).[4]

Although the trial judge in this case repeatedly asked Brown if any promises had been made as to sentencing and was assured both by Brown and by counsel that no sentencing arrangements existed, the record established by the plea reception proceeding was not conclusive:[5] the trial judge did not ask if Brown had been instructed to respond untruthfully; he did not admonish Brown that he could not later assert the existence of plea negotiations; and he did not specifically state that the court approved of plea bargaining or emphasize that Brown had freedom to disclose such negotiations without fear of reprisal.

The trial judge's probe into the existence of plea negotiations thus did not conform to the tripartite interrogation set forth in *Hawthorne*. Although insistence upon adherence to the inquiry delineated in *Hawthorne* may appear to some to require compliance with an empty ritual, it nonetheless brings us one step closer to the elusive goal of assuring that there has been in fact a voluntary plea. Moreover, *Hawthorne* represents a considered judgment that failure

---

2. Brown, who has pursued this appeal unaided by counsel, specifically alleges that a plea bargain was made between "appellant, appellant's attorney (Mr. Anthony J. LaLama), two FBI agents and the United States Attorney (Mr. McKay), that appellant would be sentenced to concurrent terms and would be further sentenced to a drug rehabilitation center if appellant plead guilty." Brown has thus made specific factual allegations detailing the terms of the plea bargain and the identity of the participants. Although Brown denied under oath the existence of any plea negotiations at the plea hearing, the record does not preclude the possibility that such a bargain was in fact made. And this is especially so since the trial court failed to ascertain whether the defendant had been instructed to respond untruthfully, *see United States v. Valenciano*, 495 F.2d 585, 587 (3d Cir. 1974). The specific allegations of the complaint, therefore, viewed against the record established at the second plea hearing are not so "palpably incredible" as to warrant summary dismissal of the petition on the basis of the pleadings. *See Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

3. *See also United States v. Valenciano*, 495 F.2d 585, 588 (3d Cir. 1974); *Paradiso v. United States*, 482 F.2d 409, 413 (3d Cir. 1973).

4. *See also Paradiso v. United States*, 482 F.2d 409, 413 (3d Cir. 1973).

5. Court: And you told the U.S. Attorney that no threats or promises were made. Is that correct?
Mr. Brown: Yes sir.
Court: I haven't told you what my sentence is going to be?
Mr. Brown: No you haven't.
Court: Nobody else made you any promises along that line have they?
Mr. Brown: No sir.
Court: Has anybody told you you might get a lighter sentence?
Mr. Brown: No sir.
Court: Plead guilty. Is there any agreement of any kind between you and the government in this matter?
Mr. Brown: No sir.
Court: Mr. LaLama (defense counsel)?

to follow such guidelines tends further to embroil trial courts, and ultimately the appellate courts, in § 2255 litigation which might otherwise be avoided.

Accordingly, the judgment of the district court is vacated and the case remanded for proceedings consistent with this opinion.[6]

Mr. LaLama: No sir.

Mr. Scarlata: (prosecution) None that I'm aware of, Your Honor.

Court: No plea bargaining or no agreement whatsoever?

Mr. LaLama: None, whatsoever.

Court: I just charged those two counts (sic) without any promise to you that the government was going to do it. Is that correct?

Mr. Brown: Yes sir.

6. On remand, the district court may utilize the procedures authorized by Rules 6 and 7 of the new Rules Governing Habeas Corpus Proceedings, *reprinted* in F.C.A. 1977 Supp., to expand the record. The need for a hearing will be eliminated, however, if the record, as augmented, is conclusive.