**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rafael Jesus ALEJANDRO,
Defendant-Appellant.**

**No. 407, Docket 77–1338.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 22, 1977.

Decided Feb. 9, 1978.

Jonathan J. Silbermann, The Legal Aid Society, New York City (Martin Erdmann, Federal Defender Services Unit, New York City, of counsel), for defendant-appellant.

Harvey M. Stone, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., for the Eastern District of New York, Susan B. Shepard, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff-appellee.

Before HAYS, FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM.

On this appeal from a judgment of conviction entered in the Eastern District of New York on appellant's plea of guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846, appellant, who was sentenced to five years imprisonment plus a special parole term of five years, contends that his plea must be vacated because of the district court's failure to comply with Rule 11(c), F.R.Cr.P.

We remand with directions to vacate the plea and permit appellant to plead anew.

Rule 11(c) expressly obligates the district judge, before accepting a guilty plea, to inform the defendant of the "maximum possible penalty provided by law." In *United States v. Journet*, 544 F.2d 633 (2d Cir. 1976), we held under similar circumstances that in accepting a plea to the same statute, 21 U.S.C. § 841(a)(1), the district judge must clearly explain to the accused the maximum special parole term to which he may be sentenced, which could run for the remainder of his life. See *United States v. Jones*, 540 F.2d 465, 468 (10th Cir. 1976); *United States v. Rich*, 518 F.2d 980, 987 (8th Cir. 1975), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976). We further explained that the legislative history of the 1975 amendments to Rule 11(c) made it clear that where the court has failed to comply with that rule "the plea must be treated as a nullity." We repeated our earlier suggestion that the district court adopt a set of instructions or a form to insure compliance with the amended rule. See *Kloner v. United States*, 535 F.2d 730, 734 (2d Cir.), *cert. denied*, 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1976).

The present case is virtually a carbon copy of *Journet* except that the non-compliance here is limited to failure to advise the appellant that the court upon his guilty plea had the power to impose a life-time special parole in addition to the maximum prison term authorized by the statute. Instead of informing appellant of the maximum parole term, the district court here, as in *Journet*, advised appellant that in addition to a maximum prison term of 15 years and a fine of $25,000 it had authority to impose "a special parole term of at least three years . . . a minimum parole term." Had appellant indicated that he understood the words "at least three years" or "minimum parole term" to mean that the term could run much longer and possibly for his life, the plea might be sustained. But the transcribed colloquy directly between court and appellant, looked at most favorably to the government, is at best ambiguous on the

subject, indicating that appellant construed the court's remarks about the parole term to mean a "three years special."

None of the circumstances found to be controlling in *United States v. Saft*, 558 F.2d 1073 (2d Cir. 1977), and *United States v. Michaelson*, 552 F.2d 472 (2d Cir. 1977), relied on by the government, are present here. We have never held that the district judge must follow a set phraseology in order to comply with Rule 11(c); on the contrary, we pointed out in *Journet* that the terminology was immaterial as long as the defendant was advised of the rights and matters prescribed by that Rule, 544 F.2d at 636 n.4. In *Saft* we found substantive compliance with the Rule, albeit not in as precise terms as the defendant there later demanded, and the record was clear that the defendant was advised of his right to assistance of counsel at trial, since he had retained counsel with him at all stages and advised the court that "my attorney and I had looked forward to trial as the ultimate forum for proving that I am not guilty of the crimes charged," 558 F.2d 1080. *Michaelson* simply recognized, as we had earlier suggested in *Journet*, 544 F.2d at 637 n.6, that where a district court does not follow the practice of placing a defendant under oath before questioning him, it is not essential, though probably advisable, to warn a defendant that he could be questioned under oath. Moreover, since the guilty plea there was taken *during the trial*, which was being conducted by the defendant's own counsel, his awareness that he was not required to incriminate himself was clearly apparent.

No such distinguishing circumstances are present here. The guilty plea must there-fore be vacated and the defendant given the opportunity to plead again to the indictment.

HAYS, Senior Circuit Judge, dissenting:

I dissent.

While language in *United States v. Journet*, 544 F.2d 633, 634 (2d Cir. 1976), indicates establishment of a *per se* rule,[1] subsequent decisions have revealed that not every failure to completely satisfy a requirement of Rule 11(c), Fed.R.Crim.P., mandates that the guilty plea be vacated. *United States v. Saft*, 558 F.2d 1073 (2d Cir. 1977); *United States v. Michaelson*, 552 F.2d 472 (2d Cir. 1977). As noted in *Saft*,

> *Journet* was . . . a case of conceded failure to comply with several items of Rule 11(c), and this court's insistence on explicit and specific information of 'each and every element enumerated in Rule 11,' 544 F.2d at 634, must be read in that light.

558 F.2d at 1081.

Here, as recognized by the majority, "the non-compliance . . . is *limited* to failure to advise the appellant" that a maximum special parole term of life could be imposed. (Emphasis added.) Thus, the instant case is distinguishable in that it involves only one of the violations of Rule 11(c) present in *Journet*. Moreover, unlike *Journet*, here the total possible period of supervision actually imposed was well within the maximum period of supervision of which the appellant had been advised.[2]

The extreme remedy of vacatur and remand for repleading is especially inappropriate here. The appellant has failed to

---

1. The court stated that "unless the defendant is specifically informed of each and every element enumerated in Rule 11 the plea must be vacated." *United States v. Journet*, 544 F.2d 633, 634 (2d Cir. 1976).

2. The maximum possible period of supervision would be calculated on the basis of an individual who violated his special parole term when it was about to expire. As a consequence of the violation, he would incur an additional prison term equal in length to the original special parole term.

Under the sentence imposed—a prison term of 5 years and a special parole term of 5 years—appellant could, at most, be subjected to 15 years of supervision. On the other hand, appellant was *advised* that his period of supervision could be 21 years—a prison term of 15 years and a special parole term of at least 3 years. It is noteworthy that the maximum possible period of supervision under the actual sentence is equal in length to the prison term that appellant was informed could be imposed.

allege that he was, in any way, prejudiced by the district court's "limited" non-compliance with Rule 11(c), or that, had he been adequately informed, he would not have pleaded guilty. On the other hand, the appellant has already fully enjoyed the benefit of his plea agreement; as promised, following imposition of sentence by Judge Bramwell, the United States Attorney's Office for the Southern District of New York dropped independent charges against appellant.

I would find that *United States v. Journet*, 544 F.2d 633 (2d Cir. 1976), does not require that the guilty plea be vacated in this case. I would affirm the judgment of conviction.