UNITED STATES of America, Appellee,

v.

Daniel Scott PALTER and Andy Castro, Appellants.

Nos. 784, 841, Dockets 77–1481, 78–1001.

United States Court of Appeals, Second Circuit.

Argued April 19, 1978.

Decided May 18, 1978.

Harold J. Pickerstein, Chief Asst. U.S. Atty., New Haven, Conn., Richard Blumenthal, U.S. Atty., District of Connecticut, New Haven, Conn., for appellee.

Sheila Ginsberg, New York City, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for appellant Palter.

Andrew B. Bowman, Federal Public Defender, New Haven, Conn., for appellant Castro.

Before SMITH, ANDERSON * and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from judgments of conviction in the United States District Court for the District of Connecticut entered by the Hon. Robert C. Zampano on November 21, 1977 upon pleas of guilty by the appellants, Daniel Scott Palter and Andy Castro. They had been charged with the unlawful

---

* The Hon. Ròbert P. Anderson died on May 2, 1978 before this case could be decided. Pursuant to § 0.14 of the Rules of this court, this appeal is being determined by Judges Smith and Mulligan, who are in agreement.

manufacture of amphetamine in violation of 21 U.S.C. § 841(a)(1) and with conspiracy to manufacture amphetamine and methaqualone, Schedule II controlled substances, in violation of 21 U.S.C. § 846. Both pleaded guilty to the conspiracy count on September 27, 1977. Castro was sentenced to the custody of the Attorney General for an eighteen month period followed by a two year special parole term; Palter was sentenced to the custody of the Attorney General for a period of four months to be followed by a two year special parole term.

Both Palter and Castro argue on this appeal that the district court erred upon accepting their guilty pleas, in not advising them that the court could have imposed under 21 U.S.C. § 846 a mandatory special parole term for life. The Government concedes that the court did not advise either Palter or Castro that the maximum mandatory special parole term which it was authorized to impose was life. The Government argues that both were advised of the minimum mandatory term of special parole of two years which both actually received. Both were represented by able and experienced attorneys who are specialists in the field of criminal law. Both admitted under questioning that they understood what mandatory special parole was and had been advised by their attorneys on this issue. The plea bargain was carried out by the Government which dismissed the substantive counts of the indictment. It seems clear that neither was prejudiced and that neither would have changed his guilty plea had the sentencing judge set forth the maximum parole sentence which was within his discretion. However, this court in *United States v. Alejandro*, 569 F.2d 1200 (2d Cir. 1978) has held that a judge in accepting a plea of guilty to an offense in violation of the Controlled Substance Act of 1970, 21 U.S.C. § 801 et seq., must pursuant to Rule 11, F.R.Crim.P., advise the defendant that he is subject to a mandatory special parole term which could last as long as his life.

In *United States v. Journet*, 544 F.2d 633, 635 (2d Cir. 1977) we noted that Rule 11 as amended effective December 1, 1975, as evidenced by its legislative history, prescribed the advice which the court must give to the defendant as a prerequisite to the acceptance of a plea. Our court construed Rule 11 to require the district judge to personally inform the defendant of each and every right set out in the rule, otherwise the plea must be treated as a nullity. While we find merit in Judge Hays' dissent in *Alejandro* we are nonetheless bound to apply the law of the circuit.

Appellants' other arguments on this appeal that the court abused its discretion in refusing to sentence Palter to weekends rather than the straight four month imprisonment and that Castro's sentence was longer than that of his co-defendant, who had cooperated with the Government, are without merit. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1971). In view of the failure to comply with Rule 11(c), however, the guilty pleas must be vacated and the appellants must be given the opportunity to replead before Judge Zampano.

It is so ordered.