**UNITED STATES of America, Appellee,**

v.

**Kerby KELLER, Appellant.**

**No. 78–1549.**

United States Court of Appeals, Third Circuit.

Argued Nov. 13, 1978.

Submitted on Panel Rehearing Jan. 12, 1979.

Decided Feb. 12, 1979.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Thomas J. McBride, Asst. U. S. Attys., Philadelphia, Pa., for appellee.

Brian Ross Hauser (argued), John J. Duffy, Thomas Colas Carroll, Philadelphia, Pa., for defendant-appellant.

Carmen C. Nasuti, Nasuti & Miller, Philadelphia, Pa., for defendant-appellant on submission for panel rehearing.

Before ALDISERT and HUNTER, Circuit Judges, and STEEL,* District Judge.

## OPINION OF THE COURT

PER CURIAM:

Kerby Keller appeals from the denial of his presentence motion to withdraw his guilty plea and from the final judgment of conviction entered against him. Keller contends that contrary to Rule 11, Fed.R. Crim.P., he was not told at the time his plea was accepted the maximum sentence he could receive. Because we believe that Keller was adequately informed of the nature of the sentence in the precise language set forth by Congress, we affirm.

On November 17, 1977 Keller pleaded guilty in federal district court to conspiracy to manufacture, distribute, and possess with the intent to manufacture, distribute, and possess a non-narcotic drug, methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1976).[1] Before sentencing, Keller filed a

---

* Honorable Edwin D. Steel, Jr., United States District Judge for the District of Delaware, sitting by designation.

1. Section 841 of Title 21 (1976) provides in part:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

. . . . .

motion to withdraw his guilty plea. On April 18, 1978 his motion was denied. Keller was sentenced under 21 U.S.C. § 841(b)(1)(B). It provides that for violations of the statute involving a non-narcotic drug, the maximum sentence shall be imprisonment of not more than five years, a fine of not more than $15,000, or both. Further, "[a]ny sentence imposing a term of imprisonment under this paragraph shall, in the absence of such prior conviction, impose a special parole term of *at least 2 years* in addition to such term of imprisonment" (emphasis supplied).[2] The district court sentenced Keller to four years imprisonment plus two years special parole.

█ On appeal from the judgment of conviction, Keller contends that his rights under Rule 11(c)(1)[3] were violated at the time his guilty plea was accepted.[4] First, Keller asserts that he was told only that the statute provides for a special parole term of "at least two years," when the maximum sentence which he could have received might have included lifetime special parole. Second, Keller asserts that he was not told "personally" by the district court judge of his maximum sentence. Both objections arise out of the following exchange between the district court judge and the U.S. Attorney:

The United States Attorney: Excuse me, sir. Methamphetamine is a non-narcotic schedule II, so it would be five years and/or $15,000 fine.

The Court: Five years and/or $15,000 fine?

The United States Attorney: Yes, sir. And not less than two years special parole.

The Court: Alright. I stand corrected. So, the maximum sentence is five years and/or $15,000 fine, plus two years special parole, to commence at the expiration of any jail sentence. App. at 16.

Keller cites *United States v. Walden*, 578 F.2d 966 (3d Cir. 1978), as establishing that 21 U.S.C. § 841(b) authorizes lifetime special parole. In light of *Walden*, he claims that the district court judge's failure to inform him of the potential for lifetime special parole violated his right to be told the maximum sentence. However, *Walden*, a case of first impression in this circuit, was not decided until after the guilty plea colloquy challenged here.

When Keller was informed that the statute authorized a special parole term of "not less than two years," the district court was operating under the authority of *United States v. Crusco*, 536 F.2d 21 (3d Cir. 1976).[5] Writing for a unanimous panel, Judge Ro-

---

(b) Except as otherwise provided in section 845 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

(1) . . .

(B) In the case of a controlled substance in schedule I or II which is not a narcotic drug or in the case of any controlled substance in schedule III, such person shall be sentenced to a term of imprisonment of not more than 5 years, a fine of not more than $15,000, or both. . . . Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 2 years in addition to such term of imprisonment . . . . .

**2.** *See* note 1 *supra*.

**3.** Rule 11(c)(1), Fed.R.Crim.P., provides:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, *if any, and the maximum possible penalty provided by law.*

**4.** Keller also contends on appeal 1) that he was not informed of the mandatory minimum penalty nor the nature of the charge to which the plea was entered and 2) that the district court erred in denying his pre-sentence motion to withdraw his plea where no possible prejudice to the government could result. We have considered these two contentions and find them to be without merit.

**5.** *Crusco* arose prior to the 1975 amendments to Rule 11 when the rule required that the district court inform the defendant of the "consequences of the plea." As under the amended rule, that phrase was interpreted to require that the defendant be advised of the maximum sentence possible. *Berry v. United States*, 412 F.2d 189 (3d Cir. 1969).

senn held that it was error not to tell the defendant that, under the harsher sentencing terms of section 841(b)(1)(A), he faced a "special parole term of not less than three years." *Id.* at 25. On similar facts, this circuit in *Horsley v. United States*, 583 F.2d 670 (3d Cir. 1978), held that informing the defendant that he would be subject to a special parole term of at least three years on his release from custody, "adequately explained the special parole term." [6] *Id.* at 675–76. *Cf. Roberts v. United States*, 491 F.2d 1236 (3d Cir. 1974) (must inform defendant of possibility of special parole term).

Moreover, *Walden* was not a Rule 11 case. In affirming the defendant's conviction, this court rejected his contention that lifetime special parole was not authorized by statute. We also held that in the "circumstances of [that] case," the sentence did not constitute cruel and unusual punishment. 578 F.2d at 972. The issue of whether a defendant must be informed at the Rule 11 proceedings of the possibility of lifetime special parole was not before us.

We hold that the district court adequately informed the defendant of the maximum sentence by using the precise language of the statute. Without rendering an advisory opinion, the judge could do no more. To require the judge to have informed Keller that the maximum sentence under section 841 might include a lifetime special parole term would be to ask him to guess, in a hypothetical case not before him, whether

this circuit would uphold a sentence of that duration in this case.[7] *Cf. United States v. Hawthorne*, 532 F.2d 318, 321 (3d Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976) (district court in Rule 11 proceeding "properly refused to render an advisory opinion prior to trial as to the dimensions of the sentence which might be imposed on convictions under all counts of the indictment").

Keller contends alternatively that he was not advised "personally" by the district court judge that his sentence might include at least two years special parole.[8] Keller claims that the judge's misstatement of the maximum sentence despite a proper recitation by the U.S. Attorney entitles him to withdraw his guilty plea:

> The United States Attorney: Yes, sir. And not less than two years special parole.
>
> The Court: Alright. I stand corrected. So, the maximum sentence is five years and/or $15,000 fine, plus two years special parole, to commence at the expiration of any jail sentence. (App. at 16).

 This circuit insists on strict compliance with the requirements of Rule 11, *Horsley v. United States*, 583 F.2d 670 (3d Cir. 1978), and in an appeal from a judgment of conviction no showing of prejudice is required where the defendant demonstrates that Rule 11 was violated at his guilty plea colloquy. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22

---

**6.** The defendants in both *Crusco* and *Horsley* were convicted of offenses involving a narcotic drug. They were sentenced under 21 U.S.C. § 841(b)(1)(A) which authorizes a penalty of imprisonment of not more than fifteen years, a fine of not more than $25,000, or both. In the absence of a prior conviction, the defendant may also be subject to a special parole term of at least three years.

**7.** The dissent cites *Holland v. United States*, 427 F.Supp. 733, 740 n.11 (E.D.Pa.1977), *aff'd by judgment order*, 571 F.2d 571 (3d Cir. 1978), as establishing that this circuit had adopted, prior to the guilty plea colloquy challenged here, the rule that a defendant must be advised in the Rule 11 proceeding of the possibility of lifetime special parole. We note initially, however, that this court did not affirm *Holland*

until February 21, 1978, three months after the guilty plea colloquy here. Moreover, the district court's suggestion in *Holland* that a defendant be advised of the "possibility of an unlimited consecutive 'special parole term'" under 21 U.S.C. § 841(c), could only be dicta in that opinion since Holland was charged with bank robbery and kidnapping, not a drug offense. We do not understand the dissent to imply that a judgment order affirmance of a district court judgment makes the dicta in the accompanying district court opinion the law of this circuit.

**8.** Rule 11(c), Fed.R.Crim.P., requires that, "the court must address the defendant *personally* in open court." *See* note 3 *supra* (emphasis supplied).

L.Ed.2d 418 (1969). However, no case which Keller has cited to us has found, on facts similar to those alleged here, a violation of Rule 11. Generally, a guilty plea may be withdrawn where the judge has delegated to the U.S. Attorney the duty to inform the defendant, prior to the Rule 11 colloquy, of the defendant's rights. *Woodward v. United States*, 426 F.2d 959 (3d Cir. 1970). *Accord, United States v. Hart*, 566 F.2d 977 (5th Cir. 1978). Here, the U.S. Attorney stated in open court the maximum parole term in the precise language of section 841. While the district court, in repeating one part of the entire sentence, did not exactly quote the U.S. Attorney, to reverse Keller's judgment of conviction and allow him to withdraw his guilty plea would, on these facts, impose an undue rigidity on the Rule 11 hearing and completely distort its purpose. *See United States v. O'Donnell*, 539 F.2d 1233, 1235 (9th Cir.), *cert. denied*, 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976) ("rule 11 does not require that the district court observe any particular ritual"). We hold that the district court judge adequately discharged his obligation to advise the defendant personally of the maximum sentence, and hence, we find no violation of Rule 11.

The judgment of the district court will be affirmed.

STEEL, Senior District Judge, dissenting:

The importance of this case to the administration of criminal justice, and particularly to the duty of a district judge under Rule 11 in accepting a plea, impels me to file this dissent.

The majority of the Court holds, as a matter of law, that:

(1) Rule 11(c)(1) does not require the Court to advise the defendant of "the maximum penalty provided by law" if the statute under which the defendant is to be sentenced specifies no maximum penalty; and

(2) Rule 11(c), which requires that "the Court must address the defendant personally," is satisfied if the United States Attorney informs the defendant of the statutory penalty.

The first point has never been directly settled by this Court. Nevertheless, the reason for the rule, its legislative history, and the decisions in other circuits are at variance with the conclusion of the majority. The second point represents a tacit rejection of decisions in this circuit.

The defendant was sentenced under 21 U.S.C. § 841(b)(1)(B). Although the statute states that a person sentenced under this section faces a "special parole term of at least 2 years," a substantially identical statute has been interpreted to authorize a lifetime sentence of special parole. *Cf. United States v. Walden*, 578 F.2d 966, 972 (3d Cir. 1978) (holding that section 841(b)(1)(A) authorizes a lifetime special parole term).

Rule 11(c)(1) mandates that "the court" personally advise the defendant of the "maximum possible penalty provided by law." The rule does not say "statutory law", nor does it contain an exception limiting its application to statutory law. It is just as important for a defendant to be advised of the maximum sentence he may receive when the statute is silent on the subject as when the statute specifies the maximum. It is not enough for a defendant to be given sentencing advice simply in the language of a statute which specifies a minimum. More is required. Unless he is so advised of the possible maximum, he cannot make an intelligent election whether to plead or to stand trial.[1]

---

1. The notes of the Advisory Committee on Rules explains that:

Former Rule 11 required the court to inform the defendant of the 'consequences of the plea'. Subdivision (c)(2) changes this and requires instead that the court inform the defendant of and determine that he understands 'the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law for the offense to which the plea is offered.' The objective is to insure that a defendant knows what minimum sentence the judge *must* impose and what maximum sentence the judge *may* impose. This information is usually readily ascertainable from the face of the statute defin-

In *Berry v. United States,* 412 F.2d 189, 192 (3d Cir. 1969), cited with approval in *Horsley v. United States,* 583 F.2d 670, 675 (3d Cir. 1978) this Court stated that the mandate of Rule 11 "is designed to insure that the pleader is made aware of the outer limits of punishment." In *Roberts v. United States,* 491 F.2d 1236, 1238 (3d Cir. 1974), *citing Berry v. United States, supra,* at 192, the Court emphasized that "[w]hen one enters a plea of guilty he should be told what is the worst to expect. At the plea he is entitled to no less—at sentence he should expect no more." In *Horsley v. United States, supra,* at 675, the Court reiterated "the extreme importance to the defendant of knowing the range of potential sentences."

Rule 11 requires the district court judge to inform the defendant that a mandatory special parole term attaches to any sentence imposing a term of imprisonment prior to accepting a plea. *Roberts v. United States, supra.* In the present case this was done. This Court has never held, however, that a defendant need not be advised of the possibility of lifetime special parole. *Horsley v. United States,* relied on by the majority, did not so hold. In *Horsley,* this Court simply held that informing the defendant that "there is a special parole term of at least three years" constituted an adequate explanation of the special parole term. An examination of the briefs in *Horsley* discloses that the defendant never questioned the adequacy of the explanation on the ground that it failed to point out that the special parole could possibly be for life. Nor did the opinion in *Horsley* mention the point. *Horsley* neither expressly nor tacitly decid-

ed it. "Questions 'neither brought to the attention of the Court nor ruled upon are not to be considered as having been so decided as to constitute precedents.'" *Soyka v. Alldredge,* 481 F.2d 303, 306 (3d Cir. 1973), *citing Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925); *Mahoney v. Waddle,* 564 F.2d 1018, 1058 (3d Cir. 1977), *cert. denied,* 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978). *Horsley* simply addressed itself to the issues before it, not to the issues presently before this Court.

*United States v. Crusco,* 536 F.2d 21 (3d Cir. 1976), also relied upon by the majority, is likewise irrelevant.

Various circuits have addressed the instant issue, and have held that the district court, when accepting a plea of guilty to an offense in violation of 21 U.S.C. § 841, must explain to the defendant that he is subject to the possibility of a lifetime special parole term. *See Richardson v. United States,* 577 F.2d 447, 451–52 (8th Cir. 1978); *United States v. Palter,* 575 F.2d 1050, 1051 (2d Cir. 1978); *United States v. Alejandro,* 569 F.2d 1200, 1201–02 (2d Cir. 1978); *United States v. Jones,* 540 F.2d 465, 468 (10th Cir. 1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977).[2] I would hold that the "maximum possible penalty" referred to in Rule 11 includes a possible lifetime special parole term under section 841.

In support of its holding that the trial judge need not inform the defendant about the possibility of lifetime special parole, the majority correctly points out that *United States v. Walden, supra,* was not decided

---

ing the crime, and thus it is feasible for the judge to know specifically what to tell the defendant. Giving this advice tells a defendant the shortest mandatory sentence and also the longest possible sentence for the offense to which he is pleading guilty. (emphasis in original)

The Advisory Committee notes indicate that Congress recognized that the statute defining the crime may not always state what maximum sentence the judge may impose. The Committee notes also indicate that Congress did not intend to exempt this situation from the requirements of Rule 11. To hold, as the majori-

ty does today, that the district court judge need not inform the defendant of the maximum penalty when the statute is silent on this matter, would be to frustrate Congress' expressed intention to insure that the defendant who pleads guilty has made an informed plea.

2. *But see Franklin v. United States,* No. 75–1312 (4th Cir. filed August 9, 1975), in which the Court held that informing a defendant of the minimum length of the special parole term was sufficient under Rule 11. The Court also noted that because the defendant's sentence was significantly less than the allowable maximum, the error, if any, was harmless.

until after the Rule 11 proceedings challenged here transpired. On this fact the majority reasons that "to have informed Keller that the maximum sentence under section 841 might include a lifetime special parole term would be to ask him to guess, in a hypothetical case not before him, whether this circuit would uphold a sentence of that duration in this case."

Informing defendant that he faced a possible lifetime special parole did not involve guess-work on the part of the district judge. In *Holland v. United States,* 427 F.Supp. 733, 740 n. 11 (E.D.Pa. Feb. 17, 1977), *aff'd* 571 F.2d 571 (3d Cir. 1978), the district court stated, by way of dictum, that "[w]e include within the notion of 'maximum penalty' the requirement that a drug defendant be warned of the possibility of an unlimited consecutive 'special parole term' under 21 U.S.C. § 841(c)."[3] The Rule 11 proceeding at issue in this case occurred on November 17, 1977, nine months after the district court's decision in *Holland.* Contrary to the majority's conclusion, informing Keller of the possibility that he faced a lifetime special parole would not have forced the district court judge to render an advisory opinion. Instead, providing Keller with that important information would have been in conformity with the statement in *Holland* and the then existing law of other circuit courts as well. *See United States v. Jones, supra,* at 468–69; *United States v. Rivera-Marquex,* 519 F.2d 1227, 1228–29 (9th Cir.), *cert. denied,* 423 U.S. 949, 96 S.Ct. 369, 46

L.Ed.2d 285 (1975); *United States v. Rich,* 518 F.2d 980, 986–87 (8th Cir. 1975), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976).

Rule 11(c) requires that the *district judge* "address the defendant *personally* in open court and inform him of, and determine that he *understands,*" the maximum penalty. (emphasis added).

The district court judge never personally advised the defendant of the potential maximum sentence that he faced. The record, excerpts from which are attached as Appendix A, discloses that the trial judge erroneously stated the maximum sentence and was corrected by the Assistant United States Attorney who stated the possible penalty in the language of the statute. At this point, the judge attempted to repeat what the United States Attorney had told him, but did so erroneously. Even assuming that Rule 11(c) only requires the district court to state the statutory language, this plea colloquy did not satisfy the rule for two reasons. First, recitation of the statutory penalty by the Assistant United States Attorney does not discharge the Court's duty to explain the maximum sentence to the defendant. *See Woodward v. United States,* 426 F.2d 959, 963 (3d Cir. 1970).[4] Second, the record undisputably demonstrates that the trial court judge failed to accurately state the statutory penalty at any time during the plea colloquy.

3. With respect to footnote 7 in the majority's opinion, the dissent does not contend that *Holland* established the rule that a defendant must be advised in a Rule 11 proceeding of the possibility of lifetime special parole. Rather, *Holland* only demonstrates that prior to the plea colloquy at issue here another judge in the Eastern District of Pennsylvania (where Keller was sentenced) recognized that a defendant should be advised of the possibility of lifetime special parole. Consequently, if the majority is correct in concluding that the articulation of a new rule of law by a district court involves "guesswork," it is evident that any guesswork on the part of the district court in the instant case would have been greatly facilitated by the prior teachings of *Holland.* This is particularly true because the dictum in *Holland,* which is referred to in the dissent, was cited with ap-

proval by this Court in *Horsley v. United States, supra,* at 676.

4. In *Woodward v. United States, supra,* the Court stated:

Because Rule 11 requires that the court address the defendant personally, questioning by the United States Attorney or representation of the defendant by counsel will not discharge the court's duty to interrogate the defendant itself.

Because the "automatic prejudice" rule announced in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) did not apply retroactively to the guilty plea in *Woodward,* the Court examined the guilty plea and held that it was entered voluntarily.

Rule 11(c) is mandatory[5] and this Court requires strict compliance with its substance. *See Horsley v. United States, supra,* at 675; *Brown v. United States,* 565 F.2d 862, 863 (3d Cir. 1977); *Woodward v. United States, supra,* at 962–63. Moreover, when the issue of non-compliance with Rule 11 is raised on direct appeal it is irrelevant whether prejudice resulted. *See McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Horsley v. United States, supra; United States v. Clark,* 574 F.2d 1357, 1358 (5th Cir. 1978). While recognizing this, the majority nevertheless holds that the district court's failure to personally advise the defendant was not fatal because the Assistant United States Attorney accurately recited the statutory penalty. The majority's conclusion not only contradicts the rulings of this Court, which have consistently insisted upon strict adherence to the requirements of Rule 11, but also suggests that the defendant must show prejudice in order to successfully challenge on direct appeal the district court's non-compliance with Rule 11. Such a requirement is contrary to the law of this circuit. *See Horsley v. United States, supra, McCarthy v. United States, supra.*

Furthermore, the district judge never determined that the defendant understood the maximum penalty which he might receive despite the fact that Rule 11(c) requires the judge to make such a determination. Although the point was not raised in defendant's brief, nonetheless the matter is so closely related to the other shortcomings of the advice which the judge gave to defendant that it is not inappropriate to note it. At the plea colloquy the defendant was given three different explanations of his possible sentence. The only advice which the defendant stated he understood was the erroneous advice given to him by the judge before the United States Attorney corrected him. As this Court recently observed in *Horsley v. United States, supra,* at 675:

To the criticism that our decision exalts form over substance, we respond by repeating those words of the Supreme Court:

It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking. *McCarthy v. United States, supra,* 394 U.S. at 472, 89 S.Ct. at 1174.

Because the district court failed to personally advise the defendant of the maximum penalty to which he could be subjected for a violation of section 841, and because the district court failed to determine that the defendant understood the penalty to which a guilty plea would expose him, appellant's guilty plea should be vacated and he should be permitted to plead again to the indictment.

### APPENDIX A

#### *K. Keller*

procedure for doing this and, of course, that is in violation of the law. Do you understand? That is what you are charged with.

Now, the maximum sentence which can be imposed on that count is 35 years and/or a $25,000 fine, plus and in addition to any term of imprisonment, three years special parole following your release from prison.

Do you understand that?

A. Yes.

Q. That is the maximum sentence which could be imposed.

Mr. McBride: Excuse me, sir.

Methamphetamine is a non-narcotic Schedule II, so it would be five years and/or $15,000 fine.

The Court: Five years and/or $15,000 fine?

Mr. McBride: Yes, sir. And not less than two years special parole.

---

**5.** The Congressional Conference Committee also supports this view, as it emphasized that Rule 11(c) enumerates certain things that a judge *must* tell a defendant before a judge can

accept that defendant's plea of guilty. House Conf. Rep. No. 94–414, 94th Cong., 1st Sess. 9 (1975) (emphasis added), U.S.Code Cong. & Admin.News 1975, p. 674.

The Court: All right, I stand corrected.

So, the maximum sentence is five years and/or $15,000 fine, plus two years special parole, to commence at the expiration of any jail sentence.

By The Court:

Q. Now, do you understand, Mr. Keller, that by pleading guilty it is like a confession in open court and, without more, the judge can impose a sentence?

Do you understand that?

A. Yes, sir.