UNITED STATES of America, Appellee,

v.

**Stephen F. KEEFE, Appellant.**

**No. 79–1564.**

United States Court of Appeals,
First Circuit.

Argued March 12, 1980.
Decided May 7, 1980.

Edward J. McCormick, III, Boston, Mass., with whom Thomas C. Troy, and Troy & Collins, Dorchester, Mass., were on brief, for appellant Stephen F. Keefe.

Robert T. Kennedy, Asst. U. S. Atty., Concord, N.H., with whom William H. Shaheen, U. S. Atty., Concord, N.H., was on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from an order of the district court denying appellant's motion to withdraw a guilty plea. The major issue is whether the court acted within its discretion in finding that appellant understood the meaning and consequences of a mandatory special parole term. We affirm.

Appellant was indicted for conspiracy to distribute, for distribution, and for possession of a large quantity of marihuana. On the third day of trial, after a number of prosecution witnesses testified and the jury took a view of a pier where appellant was apprehended, and after still others, including a key witness, were assembled to await their being called, appellant changed his plea under Count III to guilty of possession with intent to distribute. 21 U.S.C. § 841(a)(1). The plea was entered after a full morning devoted largely to plea discussions.

The court conducted a comprehensive Rule 11 inquiry. It informed appellant that the maximum penalty for the offense to which he pleaded was "five years and/or $15,000 fine and a special parole term of two years". The probation officer added "it's a minimum special parole of two years: it can be of any length"; the court asked appellant twice if he understood that the two year term was a minimum. Appellant stated that he understood. The court then informed appellant that it was not bound by any recommendations of the U.S. Attorney but could impose the maximum penalty. Appellant said that he understood all of this information. Toward the end of the hearing, the U.S. Attorney announced that he was going to subpoena appellant to testify before the grand jury under a grant of immunity and that if appellant refused to testify, he would be held in contempt. Appellant's attorney added that there was no commitment that appellant would testify.

Almost three weeks later, on the day when appellant had been subpoenaed to appear before a grand jury to give testimony concerning the marihuana distribution scheme for involvement in which he had been prosecuted, appellant moved to with-

draw his plea. In support of the motion he charged that his attorney did not explain and that appellant did not comprehend the term "special parole"; and that his attorney did not tell him that if he refused to testify before the grand jury he could be jailed for contempt during the life of that jury, without such time being credited against the sentence imposed on the marihuana charge.[1]

A full hearing was held at which appellant's trial attorney testified as to three occasions when special parole was discussed. He stated that he first reviewed with appellant the statutes and the maximum penalties for the different charges shortly after his arrest[2] and again reviewed the maximum penalties shortly before appellant pleaded to Count III. The attorney further testified that he specifically told appellant that if special parole were violated, he could be returned to prison for the full length of his parole term. After appellant entered his plea, appellant and his attorney spent about an hour with a probation officer going over special parole in detail, this being "the fullest and complete explanation" of the three occasions. Appellant did not thereafter voice any misunderstanding as to the special parole to his attorney. Indeed, on Friday, September 14, appellant conferred with his attorney about his grand jury appearance on the following Monday and made no mention of special parole. Two days later appellant spent some 10 to 12 hours with new attorneys and, on the following day, September 17, moved to withdraw his plea.

Appellant testified that his trial attorney did not brief him on anything the judge might ask; that he did not mention special parole; on cross-examination, that his attorney mentioned it but "never discussed it lengthily"; that the probation officer explained special parole "[i]n a so-so way" but that he never understood anyone's explanation; and that he did not recall what the court or he said at the change of plea hearing because he was so confused.

In *United States v. Yazbeck*, 524 F.2d 641 (1st Cir. 1975), we recognized the criticality of explaining a special parole term. Since that decision, Rule 11 has been amended, making much more specific the court's responsibilities to determine that a defendant understands the consequences of his guilty plea. The relevant requirement is subsection (c)(1), that the court determine that defendant understand the mandatory minimum penalty and "maximum possible penalty provided by law". We think that the colloquy at the change of plea hearing that we have summarized indicates that the essential information was communicated to appellant, even though the salient reference to the fact that a special parole term could be of "any length" was contributed by the probation officer. *United States v. Yazbeck, supra,* 524 F.2d at 643. The sentence actually given—a 4 year prison term and a special parole term of 5 years—could thus not be said to exceed "the maximum penalty of which appellant was advised", as was the situation in *Moore v. United States*, 592 F.2d 753, 756 (4th Cir. 1979), on which appellant principally relies.[3]

1. A third ground merits only minimal discussion. Appellant alleged that his attorney did not tell him he could withdraw his plea if the judge did not accept the U.S. Attorney's recommendation. It is clear that the prosecutor's recommendation was of the kind described by Rule 11(e)(1)(B), Fed.R.Crim.Proc., i. e., not binding on the court, and so described at the change of plea proceedings. If such a recommendation is not accepted by the court (and if there has been no misrepresentation by the prosecutor), the rule does not confer a right to withdraw a plea. *United States v. Incrovato*, 611 F.2d 5 (1st Cir. 1979).

2. A reading of 21 U.S.C. § 841 would reveal not only the combination of a maximum 5 year term of imprisonment, a maximum fine of $15,-000, and a minimum special parole term of 2 years for a first conviction of possession of marihuana with intent to distribute, § 841(b)(1)(B), but also the definition of a special parole term in § 841(c) as a term (with no restriction on its duration) added to the original term of imprisonment, the full duration of which can be required to be served in prison if revoked, without any credit for time spent on parole prior to revocation.

3. Similarly, the record of the change of plea hearing in the case at bar not only contains reference to the mandatory minimum special parole term, unlike *United States v. Harris*, 534 F.2d 141 (9th Cir. 1976), but also describes the

 Obviously, a judge is well advised to be more clear about the peculiar attributes of a special parole term—it is in addition to the original or main term of incarceration; it can be of any length, theoretically for life; and upon violation at any time during a special parole term, even on the last day, one can be required to serve the entire term, without credit for time served prior to violation. But, recognizing that our standard of review is abuse of discretion by the trial court in determining that no "fair and just" reason has been advanced, the appellant having the burden, *Nunez Cordero v. United States*, 553 F.2d 723 (1st Cir. 1976), we can only affirm. The testimony of appellant's trial attorney that he reviewed all the relevant statutory provisions concerning penalties, the record of the change of plea hearing with its reference to the possibility of special parole being for any length, the peculiar circumstance that appellant not only delayed twenty days before attempting to withdraw his guilty plea but did so without communicating to his trial attorney at any time any dissatisfaction, confusion, or his new decision, and appellant's generally unimpressive testimony—all factors amply support the court's decision, wholly apart from any inconvenience that the late withdrawal of plea might have caused the government.

 Appellant's additional argument that his plea of guilty was invalid because he did not understand the consequences of any refusal to testify before the grand jury need only be briefly considered. The government, in characterizing imprisonment for contempt as a collateral consequence of appellant's guilty plea, accords too much weight to the argument. The prospect that time spent in prison for contempt would not be credited against the sentence imposed on appellant's plea is a consequence of the contempt, not of the plea. The plea-taking court was under no more duty to spell out the independent consequences of a future contempt than it was

to lecture on the independent consequences of possible future crimes.

*Affirmed.*

lack of any statutory limitation to such a term, contrary to *United States v. Palter*, 575 F.2d 1050 (2d Cir. 1978). These are the remaining authorities cited by appellant.