Columbo L. **SAGGESE, Jr.**, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

**81 Civil 0708.**

United States District Court,
S. D. New York.

July 9, 1981.

Columbo L. Saggese, Jr., pro se.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for United States; Paul Shechtman, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, Columbo L. Saggese, Jr., and his codefendant, Jerry Angelo Palermo, pled guilty to distributing cocaine in violation of 21 U.S.C. § 841(a)(1) on January 3, 1974, in the United States District Court for the Southern District of New York. On February 22, 1974, petitioner was sentenced to a term of one year's imprisonment and to four years of special parole. Petitioner was released from confinement later that year and commenced to serve his term of special parole. Among the conditions of his special parole was that he not violate any law. Three years later, petitioner pled guilty to possession of counterfeit currency in violation of 18 U.S.C. § 472 and was sentenced to fifteen months' imprisonment for that offense. Based on this second guilty plea, which violated the terms of petitioner's special parole, the parole was revoked on October 27, 1978. Petitioner, currently incarcerated based on this parole revocation, moves pursuant to 28 U.S.C. § 2255 to vacate his first guilty plea on two grounds.

Petitioner first contends that the taking of his guilty plea violated Rule 11 of the Federal Rules of Criminal Procedure because he was not informed of the "full consequences" of his plea, namely that a mandatory minimum term of three years' special parole would accompany any term of imprisonment that was imposed, that special parole could be imposed in addition to regular parole, and that if special parole was violated he could be returned to prison for the remainder of his original sentence plus the full term of his special parole without credit for any "street time." Special

parole is a "consequence" of a guilty plea of which Rule 11 requires the trial judge to inform a defendant. One not so advised must be given the opportunity to plead anew.[1]

■ Petitioner's claim, however, is belied by the transcript of the guilty plea proceedings. Counsel to petitioner's codefendant opened the proceedings by representing to the Court that his client understood the Court had "the power to sentence him to jail for up to fifteen years, fine him $25,000, both of these things, *and if a jail term is imposed there would be a special parole of three years.*"[2] Petitioner was present in court when this remark was made and was represented by counsel. The Court then went on to question the two defendants regarding their understanding of the Court's sentencing power:

> The Court: [U]nder the laws laid down by Congress for this kind of an offense the maximum sentence could be fifteen years in a Federal jail or a maximum fine of $25,000 or both. Not only that . . . under the laws laid down by Congress if this Court imposes a jail term, whether it be for one day, one year, ten years, or whatever it is, *then there would follow a mandatory parole period of at least three years. Do each of you understand that?*[3]

The two defendants each answered "Yes" and represented that, understanding these maximum possibilities, they wanted to plead guilty.

■ In situations such as this, when petitioner, assisted by counsel, has indicated affirmatively that he understands the meaning of a consequence of a guilty plea, Rule 11 requires no further inquiry by the trial judge. As the Second Circuit has held, "[w]hen a defendant, represented by and in the presence of counsel, states that he does understand the meaning of a consequence of a plea of guilty, we see no need for further inquiry."[4] In light of petitioner's representation, the trial judge could not be "expect[ed] . . . to have gone further to ask any more questions"[5] and thus fully complied with the requirements of Rule 11. This ground for vacating the guilty plea thus is without merit.

■ Second, petitioner contends that the terms of his special parole can only be violated by activity that is drug related. He argues that since his conviction for possession of counterfeit currency was unrelated to drug activities, his special parole should not have been revoked. This argument is frivolous and without substance. Section 841(c) of Title 21 of the United States Code provides for imposition of a special parole term and notes that special parole "may be revoked if its terms and conditions are violated." The statute does not limit these "terms and conditions" to drug-related activity. Moreover, a document entitled "Conditions of Special Parole," which petitioner signed when he began his special parole, requires him "not [to] violate *any* law."[6] This ground for vacating the guilty plea thus also fails.

Petitioner's motion is denied.

So ordered.

---

1. *See Ferguson v. United States,* 513 F.2d 1011, 1012 (2d Cir. 1975); *Michel v. United States,* 507 F.2d 461, 463 (2d Cir. 1974).

2. Tr. 3 (emphasis added).

3. Tr. 5–6 (emphasis added).

4. *Michel v. United States,* 507 F.2d 461, 464 (2d Cir. 1974).

5. *Id.* at 463.

6. Emphasis added.